# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRAVIS DORVIT and MICHAEL MARTIN, Derivatively on Behalf of Nominal Defendant POWER SOLUTIONS INTERNATIONAL, INC., | ) ) ) ) | Case No. 1:17-cv-01097 |
| Plaintiffs, | ) ) ) | Honorable Thomas M. Durkin |
| v. | ) ) ) | |
| GARY S. WINEMASTER, KENNETH WINEMASTER, DANIEL P. GOREY, JAY HANSEN, ELLEN R. HOFFING, KENNETH LANDINI, MICHAEL P. LEWIS, MARY VOGT, SHAOJUN SUN, JIANG KUI, JASON LIN, LESLIE A. COOLIDGE, and FRANK P. SIMPKINS, | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| and | ) ) | |
| POWER SOLUTIONS INTERNATIONAL, INC., | ) ) ) | |
| Nominal Defendant. | ) ) ) | |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement ("Stipulation") dated May 7, 2019 is entered into by and through the Parties' respective undersigned counsel among and between: (i) plaintiffs Travis Dorvit and Michael Martin, individually and derivatively on behalf of nominal defendant Power Solutions International, Inc. ("PSI" or the "Company"); (ii) nominal defendant PSI; and (iii) defendants Shaojun Sun, Jiang Kui, Jason Lin, Leslie A. Coolidge, Frank P. Simpkins, Gary Winemaster, Kenneth Winemaster, Daniel P. Gorey, Jay Hansen, Ellen R. Hoffing, Kenneth Landini, Michael P. Lewis, and Mary E. Vogt (collectively, the "Individual Defendants," together with PSI, "Defendants") (collectively, the "Parties").[1]  This Stipulation is intended by the Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims against the Released Persons and dismiss the Action with prejudice, upon the terms and subject to the conditions set forth herein.

## I.  RELEVANT BACKGROUND OF THE ACTION AND SETTLEMENT NEGOTIATIONS

### A.  Procedural History of the Consolidated Action

Plaintiff Travis Dorvit filed this Action (the "*Dorvit* Action") on February 10, 2017 in the United States District Court for the Northern District of Illinois, asserting claims for breach of fiduciary duty against defendants Gary Winemaster, Kenneth Winemaster, Eric A. Cohen, Daniel P. Gorey, Jay Hansen, Ellen R. Hoffing, Kenneth Landini, Michael P. Lewis, and Mary E Vogt and claims for unjust enrichment against certain defendants for the compensation they received based on PSI's overstated financial results.  ECF No. 1.  On April 3, 2018, another derivative action was filed in the United States District Court for the Northern District of Illinois, captioned, *Martin v. Winemaster, et al.*, Case No. 1:18-cv-02386 (the "*Martin* Action").  On June 28, 2018, the parties

---

[1] All capitalized terms are defined in Section IV.1. *infra*, unless otherwise noted.

to the *Dorvit* and *Martin* Actions jointly moved to consolidate the actions (the "Consolidated Action" or "Action") and this motion was granted on July 3, 2018. ECF No. 42. Plaintiffs filed the Verified Second Amended Stockholder Direct and Derivative Complaint (the "Second Amended Complaint") on July 17, 2018. ECF No. 48. The Second Amended Complaint also alleged claims for breach of fiduciary duty, unjust enrichment, waste of corporate assets, and for failure to hold an annual meeting of stockholders.

Prior to filing the *Dorvit* and *Martin* Actions, Plaintiffs' Counsel devoted significant efforts to investigate and assess the derivative claims, including, but not limited to: (i) inspecting, analyzing, and reviewing public information pertaining to the alleged wrongdoing, including PSI's public filings with the U.S. Securities and Exchange Commission ("SEC"), press releases, announcements, transcripts of investor conference calls, securities analysts' reports, advisories, media reports, and news articles; (ii) researching the applicable law with respect to the derivative claims to be asserted and the potential defenses thereto; (iii) conducting an analysis of the potential and actual damages resulting from the alleged wrongdoing; and (iv) drafting and filing their respective complaints.

On October 1, 2018, nominal defendant PSI and the Individual Defendants moved to dismiss the Second Amended Complaint pursuant to Rule 23.1 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 65 and 69. Plaintiffs filed an omnibus opposition to the motions to dismiss on November 30, 2018, as well as a motion to strike certain exhibits in Defendants' motions to dismiss. ECF Nos. 73 and 74. Defendants filed reply briefs and a joint opposition to Plaintiffs' motion to strike on January 14, 2019. ECF Nos. 75, 78, and 79. The motions to dismiss have been fully briefed, but a hearing had not been scheduled and no decision

had been issued as of the time that the Parties notified the Court that they had reached an agreement-in-principle to resolve the Action.  ECF No. 81.

### B.    The Securities Class Action

On August 22, 2016, a related securities class action was filed in this Court against the Company and several of its officers for alleged violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, captioned *Gupta v. Power Solutions International, Inc., et al.*, Case No. 1:16-cv-08253 (N.D. Ill.) ("Securities Class Action").  On October 7, 2016, another class action complaint captioned, *Stout v. Power Solutions, Inc., et al.*, Case No. 1:16-cv-09599 was filed with the Court.  The two class actions were consolidated on January 19, 2017.  Securities Class Action, ECF No. 40.

On January 22, 2019, the parties in the Securities Class Action entered into a Stipulation and Agreement of Settlement that provides for $8.5 million payment to the settlement class. Securities Class Action, ECF No. 135-1.  This settlement was preliminarily approved by the Court on January 24, 2019, and a final approval hearing for the settlement is scheduled for May 13, 2019. Securities Class Action, ECF No. 139.

### C.    The Litigation Demand

On August 16, 2018, PSI stockholder Bruce Fisher sent a stockholder litigation demand ("Litigation Demand") to PSI's Board demand that it take action to remedy alleged breaches of fiduciary duties and other alleged violations of law by certain current and former officers and directors of PSI.  Over the next seven months, counsel for Mr. Fisher and the Company exchanged numerous letters regarding the Litigation Demand.  Then on March 29, 2019, counsel for Mr. Fisher sent a letter to defense counsel outlining terms for the potential settlement for the benefit of PSI to resolve the potential derivative claims detailed in the Litigation Demand.

### D.    The Settlement of the Action and Mediation Efforts

After Plaintiffs sent a settlement demand to Defendants to explore whether Defendants were interested in attempting to settle this difficult and complex stockholder derivative matter efficiently and in the best interests of the Company, the Parties agreed to seek the aid of experienced mediator, Robert A. Meyer, Esq. of JAMS (the "Mediator"), to assist the Parties.  On October 29, 2018, the parties to this Action participated in a mediation session in Chicago, but were unable to agree on a settlement at that time.

After the October 29, 2018 mediation, the Parties continued arm's-length settlement negotiations over the next several months.  On January 8, 2019, Plaintiffs sent Defendants another settlement demand proposing monetary relief and corporate governance reforms designed to address Defendants' alleged breach of fiduciary duties and to improve the independence and rigor of the Board and committee oversight of core operations.  Extensive settlement negotiations aimed at reaching a resolution of the derivative claims in the best interests of the Company soon followed. In support of these settlement discussions, Plaintiffs' Counsel spent significant efforts reviewing PSI's corporate governance structures and policies, researching corporate governance issues and best practices, and formulating proposed corporate governance reforms.  Thereafter, negotiations continued and the Parties exchanged several additional written settlement proposals.

On April 9, 2019, the Parties participated in a second formal in-person mediation before the Mediator in Los Angeles.  At the conclusion of the mediation, the Parties reached an agreement-in-principle to resolve the Action.  Thereafter, the Parties memorialized the basic Settlement terms and executed a Binding Settlement Term Sheet on April 11, 2019 (the "Term Sheet").

The Parties are in agreement that a settlement on the terms and subject to the conditions set forth in this Stipulation is fair, adequate, and reasonable.  The Parties agree that the Settlement

confers substantial benefits to PSI and its stockholders and that the Action and Litigation Demand were material factors in the substantial benefits achieved.

## II.     PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Action have merit.  However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial and through appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Plaintiffs are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Action.  The Settlement set forth in this Stipulation confers substantial benefits upon PSI and its stockholders, and is in the best interests of PSI and its stockholders.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each of the Defendants has expressly denied and continues to deny all of the claims and contentions alleged, or which could have been alleged, in the Action or similar such actions (including *Rebscher v. Winemaster, et al.*, Case No. 2017-CH-06517 (Illinois Circuit Court of Cook County, Chancery Division filed May 5, 2017) (consolidated with *McClenney v. Winemaster, et al.*, Case No. 2017-CH-06481 (Illinois Circuit Court of Cook County, Chancery Division filed May 5, 2017))), including that PSI has suffered damage by or as a result of the conduct alleged in the Action or similar such actions.

Nonetheless, in order to eliminate the burden, expense, and risks inherent in the litigation, Defendants have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement.  Neither this Stipulation, nor the Settlement, nor the Term Sheet, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement, nor any negotiations, discussions, actions,

and proceedings in connection with the Stipulation: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Parties or any other person as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of the Parties or of the validity of any Released Claims; or (b) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Stipulation, nor the Settlement, nor the Term Sheet, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement, nor any negotiations, discussions, actions, and proceedings in connection with the Stipulation or Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file this Stipulation and/or the Judgment in any action that may be brought against them to support a defense or counterclaim, including those based on the principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (on behalf of themselves and derivatively on behalf of PSI), the Individual Defendants, and PSI, each by and through their respective counsel, in consideration of the benefits flowing to the Parties from the Settlement, and subject to the approval of the Court, that the claims asserted in the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice and with full preclusive effect as to all Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

1.     **Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1.     "Action" means the consolidated action captioned, *Dorvit, et al. v. Winemaster, et al.*, Case No. 1:17-cv-01097 (N.D. Ill.).

1.2.     "Board" means the Board of Directors of PSI.

1.3.     "Corporate Governance Reforms" means the corporate governance reforms specified in Section IV.2., *infra*.

1.4.     "Court" means the U.S. District Court for the Northern District of Illinois.

1.5.     "Current PSI Stockholders" means any Persons who owns PSI common stock as of the date upon which the Judgment approving the Settlement becomes final, excluding the Individual Defendants, the current officers and directors of PSI, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest.

1.6.     "PSI" or the "Company" means nominal defendant Power Solutions International, Inc., a Delaware Corporation, and its predecessors, successors, subsidiaries, affiliates, divisions, and assigns.

1.7.     "Defendants" means collectively nominal defendant PSI and the Individual Defendants.  "Defendant" means, individually, any of the Defendants.

1.8.     "Effective Date" means the first date by which all of the events and conditions specified in paragraph 6.2 herein have been met and have occurred.

1.9.     "Execution Date" means the date this Stipulation has been signed by all the signatories through their respective counsel.

1.10.    "Fee and Expense Amount" means the agreed upon sum to be paid for all of Plaintiffs' attorneys' fees and expenses, subject to Court approval.

1.11.   "Final" means the date upon which the last of the following shall occur with respect to the Judgment approving this Stipulation, substantially in the form of **Exhibit D** attached hereto: (1) the expiration of all time to file a notice of appeal or other review of the Judgment; (2) if any appeal or other review of such Judgment is filed, the court of appeals has either affirmed the Judgment or dismissed that appeal and the time for any reconsiderations or further appellate review has passed; or (3) if a higher court has granted further appellate review, that court has either affirmed the underlying Judgment in all material respects or affirmed the court of appeal's decision affirming the Judgment or dismissing the appeal. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the payment of an Incentive Amount.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to the application for attorneys' fees, costs, or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.12.   "Incentive Amount" means an award in the amount of 2,000 to each of the Plaintiffs for which Plaintiffs' Counsel may apply to the Court, only to be paid upon Court approval, in recognition of Plaintiffs' commitment and dedication to the Company's derivative claims in the prosecution and settlement of the Action.  Any Incentive Amount shall be paid to Plaintiffs from the Fee and Expense Amount.

1.13.   "Individual Defendants" means Shaojun Sun, Jiang Kui, Jason Lin, Leslie A. Coolidge, Frank P. Simpkins, Gary S. Winemaster, Kenneth Winemaster, Daniel P. Gorey, Jay Hansen, Ellen R. Hoffing, Kenneth Landini, Michael P. Lewis, and Mary E. Vogt.

1.14.   "Judgment" means the [Proposed] Final Judgment and Order of Dismissal to be rendered by the Court, substantially in the form of **Exhibit D** attached hereto.

1.15.    "Liaison Counsel" means Andrews & Springer LLC, Zimmerman Law Offices, P.C., and Morrissey & Donahue LLC.

1.16.    "Notice" means the Notice of Pendency and Proposed Settlement of Stockholder Actions, substantially in the form of **Exhibit B** attached hereto.

1.17.    "Parties" mean collectively, the Plaintiffs, nominal defendant PSI, and the Individual Defendants.  "Party" means individually, any of the Parties.

1.18.    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.19.    "Plaintiffs" mean Travis Dorvit and Michael Martin.   For purposes of this Stipulation, Plaintiffs also includes Bruce Fisher who had previously made the Litigation Demand on PSI's Board of Directors.

1.20.    "Plaintiffs' Counsel" means Kessler Topaz Meltzer and Check LLP, Robbins Arroyo LLP, and Johnson Fistel, LLP.

1.21.    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement, providing for Notice, and setting a date for the Settlement Hearing to be rendered by the Court, substantially in the form attached hereto as **Exhibit A**.

1.22.    "Released Claims" means, collectively, any and all claims, actions, suits, debts, rights, liabilities, and causes of action of every nature, including both known and Unknown Claims (as defined in Section 1.29) whether suspected or unsuspected, whether contingent or non-contingent, whether accrued or unaccrued, whether or not concealed or hidden, whether factual or

legal, and for any remedy whether at equity or law, that were, could have been, or might have been asserted from the beginning of time through the date of entry of final judgment, by PSI or any PSI stockholder on behalf of PSI against the Released Persons, that arise out of or relate to, in whole or part, directly or indirectly: (i) any action or omission or failure to act alleged, or which could have been alleged, relating to any of the matters, facts, or events in the Action; and/or (ii) the Settlement, including the payments provided for in this Stipulation, but excluding any claims to enforce the Settlement. Excluded from the scope of Released Claims are any claims addressed in Section 4.4 herein and the claims alleged in the Securities Class Action.

1.23. "Released Persons" means collectively, each of the Defendants and each of the Defendants' past or present agents, officers, directors, employees, attorneys, insurers, co-insurers, reinsurers, spouses, immediate family members, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns or other individual or entity in which any Individual Defendant or PSI has a controlling interest, and each and all of their respective past and present officers, directors, employees, agents, affiliates, parents, subsidiaries, divisions, attorneys, accountants, auditors, advisors, insurers, co-insurers, re-insurers, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns.

1.24. "Releasing Parties" means Plaintiffs (both individually and derivatively on behalf of PSI), Plaintiffs' Counsel, Liaison Counsel, PSI, any other Current PSI Stockholders and each and all members of their families, heirs, administrators, predecessors, successors, parent entities, subsidiaries, affiliates, custodians, agents, representatives, executors, assigns, estates, trusts, trustees, and trust beneficiaries. "Releasing Party" means, individually, any of the Releasing Parties.

1.25.    "Securities Class Action" means the consolidated securities class action captioned *Giunta v. Power Solutions International Inc., et al.*, No. 1:16-cv-08253 filed in this Court.

1.26.    "Settlement" means mean the Settlement documented in this Stipulation.

1.27.    "Settlement Hearing" means the hearing set by the Court to consider final approval of the Settlement.

1.28.    "Stipulation" means this Stipulation of Settlement.

1.29.    "Unknown Claims" means any Released Claims which Plaintiffs or Defendants do not know of or suspect to exist in his, her, or its favor at the time of the release of the Released Persons that, if known by him, her, or it might have affected his, her, or its settlement with, and release of, the Released Persons, including claims based on the discovery of facts in addition to or different from those which he, she, or it knows or believes to be true with respect to the Released Claims.  With respect to any and all Released Claims, the Parties agree that upon the Effective Date, the Parties expressly waive the provisions, rights, and benefits conferred by or under California Civil Code section 1542, or any other law of the United States or any state or territory of the United States, or principle of foreign or common law, which is similar, comparable, or equivalent to section 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Parties acknowledge that they may hereafter discover facts in addition to or different from those now known or believed to be true by them, with respect to the subject matter of the Released Claims, but it is the intention of the Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all Released Claims, known or unknown, suspect

or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which do now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. The Parties acknowledge that the foregoing waiver was separately bargained for and is a key element of this Stipulation of which this release is a part.

**2. Monetary Relief and Corporate Governance Reforms**

2.1.     In connection with the Settlement of the Action, the Individual Defendants shall cause to be paid $1,875,000 to a settlement fund (the "Settlement Fund"), subject to the terms of Section 5.1 herein.

2.2.     In addition, PSI shall, within thirty (30) days of the issuance of an order approving the settlement of the Action, adopt resolutions and amend appropriate committee charters to implement the Corporate Governance Reforms set forth below, which PSI shall maintain for a period of not less than four (4) years, so long as the Company remains a public company. The Parties agree that the initiation, prosecution, and settlement of the Action and Litigation Demand were material factors in the Corporate Governance Reforms described below. The Parties further agree that the Corporate Governance Reforms confer a substantial benefit to PSI as part of the Settlement of the Action and Litigation Demand.

2.2.1.   Audit Committee Charter

A.     The Audit Committee Charter shall be amended as follows:

1.     Paragraph B.3(a) shall be revised to require that the Audit Committee meet at least six times per year.

2.     Paragraph C.1(e) shall be revised to reflect the changes to the Internal Audit Department as set forth in Sections 2.2.2.A and 2.2.2.B below.

3.     The beginning of Paragraph C.1(h) shall be revised to say "The Committee shall conduct quarterly meetings with the Auditors...."

- 12 -

4.      The beginning of Paragraph C.2(d) shall be revised to say "The Committee shall, on a quarterly basis, discuss and review with management...."  The final sentence of Paragraph C.2.(d) shall be revised to say "The Committee shall, on an annual basis, review the Company's procedures...."

5.      The second sentence of Paragraph C.5(c) shall be revised to state: "The Committee shall cause a current version of its Charter to be published on the Company's website" consistent with Section 2.2.5. below.

2.2.2.  Internal Audit Department

A.      The Director of Internal Audit shall report directly to the Audit Committee, communicate at least quarterly with the Chief Financial Officer, Chief Executive Officer and Audit Committee, attend all Audit Committee meetings, and meet at least quarterly with the Audit Committee.

B.      The Director of Internal Audit shall be an executive no less senior than a Vice President. The Director of Internal Audit shall have full and free access to the Audit Committee and vice versa.

C.      Annually, the Director of Internal Audit shall report the audit findings to the Audit Committee, including which findings may relate to the effectiveness and adequacy of the Company's internal controls, risk management and governance processes.

D.      The Director of Internal Audit shall keep the Audit Committee informed of emerging trends in relevant internal control issues and internal audit matters and provide the Audit Committee with a report of outstanding audit issues and the current status of management's efforts to resolve and improve the control environment.

- 13 -

E.     The Internal Audit Department shall keep a log tracking analysis, proposals, and recommendations provided to other departments or management regarding internal controls and accounting and auditing procedures, including the time and place (if applicable) that such information was provided, and any deadlines related thereto.

2.2.3.   Annual Meeting

The Company shall hold an annual meeting of its stockholders for the election of directors and to conduct other important business within forty-five (45) days after the filing of its proxy statement.  If for any reason the Company needs to alter this filing schedule, it will promptly notify stockholders via a Form 8-K filed with the SEC.

2.2.4.   Board and Board Committees

The Board shall amend the Company's Bylaws and Corporate Governance Guidelines to require that the Board maintain standing Audit, Compensation, and Nominating and Governance Committees.

2.2.5.   Publication of Governance Documents and Information

PSI shall make all Board committee charters, biographies of the Company's Directors and Officers, and a chart or list identifying the members of each Board committee publicly available by posting such information to the "Investor Relations" section of its website.  Such information, as well as the governance documents already available on the Company's website, shall be kept up-to-date.  The biographies of each Director shall state if such director is a designee of Weichai.

2.2.6.   Clawback

The Company shall adopt a formal clawback policy covering specified incentive compensation of Officers (defined herein as only those individuals the Company has designated at the time of the Term Sheet or thereafter, as subject to the reporting and liability provisions of

- 14 -

section 16 of the Securities Exchange Act of 1934). This provision shall be included in any new or amended employment agreements entered into with any existing or future Officers of the Company from April 11, 2019, the date the parties executed the Term Sheet. The clawback shall provide that upon termination for Cause,[2] an Officer shall automatically forfeit:

1.      Any bonus to which the Officer might otherwise have been entitled pursuant to the Company's Key Performance Indicator ("KPI") Plan (i) related to the fiscal year prior to the fiscal year in which the Termination Date falls if the amount of such KPI Bonus has been determined by the Board but not yet paid; and (ii) for the fiscal year in which the separation takes place.

---

[2] "Cause" means that the Company makes a good faith determination that the Officer has:

(1) violated any Company policy or procedure that causes material harm or risk to the Company including but not limited to sexual harassment, misappropriation, or fraud; (2) been convicted of a crime which is injurious to the Company's operation or reputation; (3) engaged in a material breach of the Officer's employment agreement; (4) engaged in willful failure or willful inability to perform the Officer's duties under the Officer's employment agreement; (5) engaged in any act or omission, which in any material way impairs the reputation, goodwill or business position of the Company; or (6) the Officer is prohibited by order of a government agency or court from being employed by the Company or any Company Affiliate in the role set forth in the Officer's employment agreement; For purposes of subsections (3) and (4) of this definition, a termination will not be for "Cause" to the extent such conduct is curable, unless Company shall have notified the Officer in writing describing such conduct and prescribing conduct required to cure such conduct and the Officer shall have failed to cure such conduct within thirty (30) business days after his or her receipt of such written notice. For purposes of this definition of Cause, no act or failure to act on the part of the Officer shall be considered willful if it is done, or omitted to be done, by the Officer in good faith and with a good faith belief that the Officer's act or omission was in the best interests of Company.

"Company Affiliate" means PSI and each corporation, limited liability company, partnership, association or business entity of which a majority of the ownership interest thereof is at the time owned or controlled, directly or indirectly, by PSI or one or more subsidiaries of PSI or a combination thereof.

2.      Any Stock Appreciation Rights and unexercised options (whether vested or unvested) awarded pursuant to the Company's Incentive Compensation Plan.

2.2.7.  Whistleblower hotline

The Company shall ensure that the contact information for its whistleblower hotline and website is conspicuously displayed and widely posted by the Company on its website, at the Company's offices and elsewhere, so as to be available to not only employees but also to customers, vendors, and other third parties.

**3.      Procedures for Implementing the Settlement**

3.1.    Promptly after execution of this Stipulation, Plaintiffs shall submit this Stipulation and its exhibits to the Court and shall apply for an order substantially in the form of **Exhibit A** hereto, requesting: (1) preliminary approval of the Settlement set forth in this Stipulation (the "Preliminary Approval Order"); (2) approval for the dissemination of the Notice of Pendency and Proposed Settlement of Stockholder Action ("Notice") substantially in the form of **Exhibit B** hereto; (3) approval of the Summary Notice of Pendency and Proposed Settlement of Stockholder Action ("Summary Notice") substantially in the form of **Exhibit C** hereto, which shall include the general terms of the Settlement set forth in this Stipulation, including the general terms of the Fee and Expense Amount requested to be paid to Plaintiffs' Counsel and the date of the Settlement Hearing; and (4) a date for the Settlement Hearing, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure.

3.2.    Within ten (10) business days of the issuance of the Preliminary Approval Order, PSI shall publish the Summary Notice once in *Investor's Business Daily*, and shall post this Stipulation and Notice on PSI's website, such that visitors to the "Investors" section of the website will readily find a hyperlink to this Stipulation and the Notice. In addition, in all periodic filings with the SEC after issuance of the Preliminary Approval Order but before the Settlement Hearing,

PSI shall include a statement that the Action has settled and received preliminary approval, and shall direct stockholders to PSI's Investor Relations webpage for additional information. Within the above described period, Plaintiffs' Counsel shall further publish the Stipulation of Settlement and Notice on its website in a manner readily accessible to the public.  All costs in providing the Notice and Summary Notice will be paid by PSI.  The Parties believe the content and manner of the Notice and Summary Notice constitutes adequate and reasonable notice to PSI stockholders pursuant to applicable law and due process.

3.3.    Plaintiffs will request that after the Notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein, including payment of Plaintiffs' Counsel's Fee and Expense Amount and Plaintiffs' Incentive Amount, as negotiated by Plaintiffs' Counsel and PSI, with the assistance of the Mediator, following negotiation of the Corporate Governance Reforms, and enter the Judgment.

**4.      Mutual Releases**

4.1.    Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice the Released Claims (including Unknown Claims) against the Released Persons and any and all claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action against the Released Persons; provided, however, that such release shall not affect any claims to enforce the terms of this Stipulation or the Settlement.

4.2.    Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice Plaintiffs, Plaintiffs' Counsel, and Liaison Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the

institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims; provided, however, that such release shall not affect any claims to enforce the terms of this Stipulation or the Settlement.

4.3.    Pending the Court's determination as to final approval of the Settlement, the Releasing Parties and their counsel are barred and enjoined from commencing, prosecuting, instigating, maintaining, investigating, or in any way participating in the commencement or prosecution of any action or proceeding asserting any Released Claim against any of the Released Persons or challenging the Settlement other than in this Action in accordance with the procedures established by the Court (the "Injunction"). If any action is taken by any Releasing Party in violation of the Injunction, Plaintiffs, if requested, shall join in any motion and shall otherwise use its reasonable best efforts to effect a withdrawal, dismissal, transfer or stay of such action.

4.4.    Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives, including, but not limited to, any rights or claims by the Defendants under any directors' and officers' liability insurance or other applicable insurance coverage maintained by the Company.  Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of the Defendants relating in any way to indemnification or advancement of attorneys' fees relating to the Action or the Released Claims, whether under any written indemnification or advancement agreement, or under the Company's charter, by-laws or operating agreement, or under applicable law

**5.      Attorneys' Fee and Expense Amount and Incentive Amount to Plaintiffs**

5.1.    After negotiating the monetary relief and the Corporate Governance Reforms, Plaintiffs' Counsel and Defendants, with the assistance of the Mediator, separately negotiated the Fee and Expense Amount that would be paid to Plaintiffs' Counsel.  In connection with a motion

for final approval of the Settlement, Plaintiffs' Counsel will request an award of attorneys' fees and expenses of $937,500 to be paid out of the Settlement Fund (the "Fee and Expense Amount"). The balance of the Settlement Fund will be used to pay the Company's defense costs as agreed to between the Company and Defendants' directors' and officers' liability insurance carriers but not to include any costs incurred in connection with the Action or any other stockholder derivative or class action or stockholder demand. Defendants agree not to object to a request by Plaintiffs' Counsel for a collective Fee and Expense Amount in an amount not to exceed $937,500.

5.2.     Neither Defendants nor their insurers shall have any obligation or liability with respect to the distribution and allocation of any attorneys' fees, expenses, or any incentive amount that is awarded by the Court, and any dispute among Plaintiffs' Counsel as to the proper allocation shall not in any way implicate Defendants, their counsel, or their insurers or increase the amount to be paid by or on behalf of Defendants, and Defendants and their insurers shall not be responsible for any fees or expenses incurred by Plaintiffs in connection with the determination of any such allocation.

5.3.     Defendants shall cause their insurance carrier(s) to pay the Fee and Expense Amount to Plaintiffs' Counsel within ten (10) business days after the later to occur of: (i) the issuance of Judgment by the Court finally approving the Settlement, notwithstanding the existence of any timely filed objections to the Settlement or potential for appeal therefrom; and (ii) receipt by Defendants of a Form W-9 on behalf of Plaintiffs' Counsel and wire transfer instructions. Such payment shall be subject to the obligation of Plaintiffs' Counsel to make appropriate refunds or repayment of the principal amount received and any accrued interest thereon within ten (10) business days if, as a result of any further Order of the Court, appeal, further proceedings or remand, or successful collateral attack, the Settlement is not approved or is overturned on appeal. Moreover, if the Court's award of fees and expenses is vacated, reversed, or reduced on or as a

result of an appeal, Plaintiffs' Counsel shall, within ten (10) business days after such vacatur, reversal, or reduction, make a refund to the Defendants in cash by wire transfer(s) in the full amount received or such lesser amount as provided for by such vacatur, reversal, or reduction.

5.4.    Neither Defendants nor their insurers shall have any obligation or liability with respect to attorneys' fees, costs, or expenses beyond the amount awarded by the Court in response to the application for the Fee and Expense Amount.  Payment of the Fee and Expense Amount in the amount approved by this Court shall constitute full, complete, and final payment for all of Plaintiffs' Counsel's and Liaison Counsel's services in the Action, including fees and expenses that have been incurred or will be incurred in connection with the filing and prosecution of the Action and the resolution of the claims alleged therein.

5.5.    Except as otherwise provided herein or except as provided pursuant to indemnification or insurance rights, each of the Parties shall bear his, her, or its own expenses and attorneys' fees.

5.6.    The Parties further stipulate that Plaintiffs' Counsel may apply to the Court for an Incentive Amount of $2,000 for each of the Plaintiffs, only to be paid upon Court approval, in recognition of Plaintiffs' participation and efforts in the prosecution and Settlement of the Action. The failure of the Court to approve any requested Incentive Amount, in whole or in part, shall have no effect on the Settlement set forth in this Stipulation.  The Incentive Amount, if approved by the Court, shall be paid to Plaintiffs from the Fee and Expense Amount.  The Released Persons and each of them shall not be liable for any portion of any Incentive Amount.

### 6.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

6.1.    This Settlement and the consideration therefor are given by the Defendants in return for, and are contingent upon, a full and complete release of all Released Claims against all Released Persons, which release no longer may be challenged by Plaintiffs, any PSI stockholder, or by PSI.

6.2.    The Effective Date is conditioned on the occurrence of all of the following events, and is the first date by which all of the following events and conditions have been met and have occurred:

(a)    approval of the Settlement, and each of its terms, by Defendants, which Defendants' counsel represents has already been accomplished;

(b)    Court approval of the method and form of providing the Notice and Summary Notice, attached hereto as **Exhibits B and C**, respectively, to PSI stockholders and entry by the Court of the Preliminary Approval Order that does not deviate materially from the form attached hereto as **Exhibit A**;

(c)    final approval of the Settlement by the Court following notice to PSI stockholders;

(d)    entry by the Court of the Judgment that does not deviate materially from the form attached hereto as **Exhibit D**, approving the Settlement; and

(e)    the passing of the date upon which the Judgment becomes Final.

6.3.    If any of the conditions specified in paragraph 6.2 are not met, then this Stipulation shall be canceled and terminated subject to paragraph 6.4, unless the Parties mutually agree in writing to proceed with this Stipulation; provided, however that the Court's failure to approve the Fee and Expense Amount or the Incentive Amount shall not be grounds for termination or cancellation of the Settlement.

6.4.    If for any reason the Effective Date of this Stipulation does not occur, or if this Stipulation is in any way canceled, terminated, or fails to become final in accordance with its terms: (i) all Parties and Released Persons shall be restored to their respective positions in the Action as of April 8, 2019; (ii) all releases delivered in connection with this Stipulation shall be

null and void, except as provided for in this Stipulation; (iii) the Fee and Expense Amount paid to Plaintiffs' Counsel and any and all interest accrued thereon since payment, shall be returned to Defendants' insurer(s) pursuant to Section 5.3 of this Stipulation; and (iv) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by a Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in any other action or proceeding. In such event, and except as otherwise indicated in this Stipulation, the terms and provisions of this Stipulation shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose.

## 7. Additional Provisions

7.1. The Parties: (i) acknowledge that it is their intent to consummate this Stipulation and Settlement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and the Settlement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation and the Settlement.

7.2. The Parties intend this Settlement to be a final and complete resolution of all disputes between Plaintiffs, Individual Defendants, and PSI with respect to the Action. The Settlement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim, allegation, or defense. The Parties further agree that the claims are being settled voluntarily after consultation with competent legal counsel and the Mediator.

7.3. Nothing herein shall expand the liabilities of any PSI director or officer beyond any liabilities otherwise imposed by law.

7.4.    The Parties agree that if any disputes arise out of the finalization of the settlement documents or the implementation and enforcement of the terms of this Settlement itself, the Parties will first attempt to resolve those issues by way of expedited telephonic mediation in front of Robert A. Meyer, Esq.

7.5.    Plaintiffs shall in good faith attempt to secure the approval of stockholders Sarah Rebscher, Gary McFadden, and Bruce Fisher of this Stipulation; however, the failure to secure the approval of any or all of the aforementioned stockholders shall not relieve the Parties to this Stipulation from their respective obligations thereunder.

7.6.    The Parties agree that, other than disclosures required by law or the Court, any public comments from the Parties or any of their representatives regarding this Settlement will not substantially deviate from words to the effect that the Parties have reached a mutually acceptable resolution that will avoid protracted and expensive litigation, that the Parties are satisfied with the resolution, and that the Settlement is in the best interests of the Company and its stockholders. None of the Parties shall make any public statement regarding the terms of this Stipulation, or the Settlement contained herein, that is critical of or disparages the Settlement or the conduct of the Parties.

7.7.    The fact of and provisions contained in this Stipulation (including any exhibits attached hereto) and the Term Sheet, and all negotiations, discussions, actions, and proceedings in connection with this Stipulation and the Term Sheet shall not be deemed or constitute a presumption, concession, or an admission by any Defendant or any other Released Party of any fault, liability, or wrongdoing whatsoever as to any facts or claims alleged or asserted in the Action, and shall not be invoked, offered, or received in evidence or otherwise used by any person in the Action, or any other action or proceeding whether civil, criminal, or administration, except in

connection with any proceeding to proceed with or enforce the terms of this Stipulation. If the Settlement is not approved, or does not proceed to fruition for any other reason whatsoever, the Parties shall revert to their respective positions as if the Term Sheet and the Settlement never existed; provided, however, that in the event of a termination of the Term Sheet or the Stipulation or other failure of the Settlement contemplated by this Stipulation, this paragraph and any similar provisions of the Stipulation or Term Sheet shall survive such termination or other failure of the Settlement. Nothing in this Section, however, shall prevent the Released Persons from filing this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, and any of the Parties may file this Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

7.8. The Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.9. This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

7.10. This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning this Stipulation or any of its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as specifically provided herein, each Party shall bear its own costs.

7.11. Each counsel or other Person executing this Stipulation and/or the Exhibits attached hereto on behalf of any Party hereby warrants that such Person has the full authority to do so.

7.12. This Stipulation may be executed in one or more counterparts. A faxed signature or electronically scanned (in .pdf format) signature shall be deemed an original signature for the purposes of this Stipulation. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of counterparts, either originally executed or copies thereof, shall be filed with the Court.

7.13. This Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Released Persons.

7.14. The waiver by any Party of any breach of this Stipulation shall not be deemed or construed as a waiver of any other breach, whether prior or subsequent to, or contemporaneous with, the execution of this Stipulation.

7.15. Without affecting the finality of the Judgment entered in accordance with this Stipulation, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation and the Settlement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing this Stipulation and the Settlement.

7.16. This Stipulation shall not be construed more strictly against any settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of an arm's-length negotiations and this Stipulation shall be deemed drafted equally by all Parties.

7.17. This Stipulation and the Settlement contemplated by it shall be governed by, and construed in accordance with, the laws of the State of Illinois, without regard to Illinois' conflict of law rules.

7.18.    No representations, warranties, or inducements have been made to any of the Parties concerning this Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

7.19.    The Parties hereby represent and warrant that they have not assigned any rights, claims, or causes of action that were asserted or could have been asserted in connection with, under, or arising out of the Released Claims.

7.20.    The headings used in this Stipulation are used for the purpose of convenience only and are not meant to have legal effect.

7.21.    In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit hereto, the terms of this Stipulation shall prevail.

7.22.    All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

7.23.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated this 7th day of May, 2019.

DATED: May 10, 2019              ROBBINS ARROYO LLP
                                BRIAN J. ROBBINS
                                STEPHEN J. ODDO
                                NICHOLE T. BROWNING

                                _/s/ Stephen J. Oddo_
                                   STEPHEN J. ODDO (*admitted pro hac vice*)

                                5040 Shoreham Place
                                San Diego, CA 92122
                                Telephone: (619) 525-3990
                                Facsimile: (619) 525-3991
                                E-mail: brobbins@robbinsarroyo.com
                                          soddo@robbinsarroyo.com

- 26 -

nbrowning@robbinsarroyo.com

CHARLES F. MORRISSEY
MORRISSEY & DONAHUE, LLC
200 East Randolph Street, Suite 5100
Chicago, Illinois 60601
Telephone: (312) 967-1200
Facsimile: (312) 896-5959
E-mail: cfm@morrisseydonahue.com

*Counsel for Plaintiff Michael Martin*

DATED: May 10, 2019   KESSLER TOPAZ MELTZER
      & CHECK, LLP
     ERIC L. ZAGAR

     */s/ Eric L. Zagar*
     ERIC L. ZAGAR

     280 King of Prussia Road
     Radnor, PA 19087
     Telephone: (610) 667-7706
     Facsimile: (267) 948-2512
     E-mail: ezagar@ktmc.com

     ZIMMERMAN LAW OFFICES, P.C.
     THOMAS A. ZIMMERMAN, JR.
     77 West Washington Street, Suite 1220
     Chicago, IL 60602
     Telephone: (312) 440-0200
     Facsimile: (312) 440-4180
     E-mail: tom@attorneyzim.com

     ANDREWS & SPRINGER LLC
     CRAIG J. SPRINGER
     3801 Kennett Pike
     Building C, Suite 305
     Wilmington, DE 19807
     Telephone: (302) 504-4957
     Facsimile: (302) 397-2681
     E-mail: cspringer@andrewsspringer.com

     *Counsel for Plaintiff Travis Dorvit*

DATED: May 10, 2019

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL JR.

*/s/ Michael I. Fistel Jr.*
MICHAEL I. FISTEL JR.

40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (770) 200-3101
E-mail: michaelf@johnsonfistel.com

**Counsel for Stockholder Bruce Fisher**

DATED: May 10, 2019

SIDLEY AUSTIN LLP
JAMES W. DUCAYET
NILOFER UMAR
LAWRENCE P. FOGEL
BENJAMIN I. FRIEDMAN

*/s/ Nilofer Umar*
NILOFER UMAR

One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
E-mail: jducayet@sidley.com
        numar@sidley.com
        lawrence.fogel@sidley.com
        benjamin.friedman@sidley.com

**Counsel for nominal defendant Power Solutions International, Inc. and defendants Shaojun Sun, Jiang Kui, Jason Lin, Leslie A. Coolidge, and Frank P. Simpkins**

DATED: May 10, 2019

VEDDER PRICE P.C.
THOMAS P. CIMINO, JR.
REBECCA L. DANDY

*/s/ Thomas P. Cimino, Jr.*
THOMAS P. CIMINO, JR.

222 North LaSalle Street, Suite 2600
Chicago, IL 60601

Telephone: (312) 609-7923
Facsimile: (312) 609-5005
E-mail: rdandy@vedderprice.com
        tcimino@vedderprice.com

*Counsel for defendants Jay . Hansen, Kenneth W. Landini, Kenneth J. Winemaster, Mary E. Vogt, and Ellen R. Hoffing*

DATED: May 10, 2019

LATHAM & WATKINS LLP
JOHN J. SIKORA, JR.
HEATHER A. WALLER

*/s/ John J. Sikora, Jr.*
JOHN J. SIKORA, JR.

330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-6554
Facsimile: (312) 609-5005
E-mail: john.sikora@lw.com
        heather.waller@lw.com

*Counsel for defendant Gary S. Winemaster*

DATED: May 10, 2019

REED SMITH LLP
JAMES A. ROLFES

*/s/ James A. Rolfes*
JAMES A. ROLFES

10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-3872
Facsimile: (312) 207-6400
E-mail: jrolfes@reedsmith.com

*Counsel for defendant Michael P. Lewis*

DATED: May 10, 2019

KATTEN MUCHIN ROSENMAN LLP
MICHAEL J. LOHNES

*/s/ Michael J. Lohnes*
MICHAEL J. LOHNES

525 West Monroe Street

Chicago, IL 60661
Telephone: (312) 902-5341
Facsimile: (312) 577-7421
E-mail: Michael.lohnes@kattenlaw.com

***Counsel for defendant Daniel P. Gorey***

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TRAVIS DORVIT and MICHAEL MARTIN, )
Derivatively on Behalf of Nominal Defendant )
POWER SOLUTIONS INTERNATIONAL, )
INC., )
                                                   )        Case No. 1:17-cv-01097
           Plaintiffs, )
                                                   )        Honorable Thomas M. Durkin
          v. )
                                                     )
GARY S. WINEMASTER, KENNETH )
WINEMASTER, DANIEL P. GOREY, JAY )
HANSEN, ELLEN R. HOFFING, KENNETH )
LANDINI, MICHAEL P. LEWIS, MARY )
VOGT, SHAOJUN SUN, JIANG KUI, JASON )
LIN, LESLIE A. COOLIDGE, and FRANK P. )
SIMPKINS, )
                                                   )
          Defendants, )
                                                   )
          and )
                                                   )
POWER SOLUTIONS INTERNATIONAL, )
INC., )
                                                   )
          Nominal Defendant. )

## [PROPOSED] ORDER DIRECTING NOTICE OF
## PROPOSED SETTLEMENT TO STOCKHOLDERS

WHEREAS, the above-captioned stockholder derivative action is pending before the Court (the "Action");

WHEREAS, plaintiffs Travis Dorvit and Michael Martin, and stockholder Bruce Fisher ("Plaintiffs") having moved, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement of the Consolidated Action in accordance with the Stipulation of Settlement, dated May 10, 2019 (the "Stipulation" or "Settlement"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed Settlement and dismissal of the Consolidated Action with prejudice; and (ii) approving the dissemination of the Notice of Pendency and Proposed Settlement of Stockholder Action (the "Notice") and Summary Notice of Pendency and Proposed Settlement of Stockholder Action (the "Summary Notice");

WHEREAS, all capitalized terms contained herein shall have the same meaning as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and the Exhibits annexed thereto and having heard the arguments of the Parties at the preliminary approval hearing;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Court hereby preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2019, at ___: _.m., in Courtroom 1441 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, IL 60604, to determine whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair,

- 1 -

reasonable and adequate to Power Solutions International, Inc. ("PSI") and its stockholders and should be approved by the Court; whether the [Proposed] Final Order and Judgment should be entered herein; and whether to award attorneys' fees and expenses to Plaintiffs' Counsel, including any Incentive Amount.

3.     The Court approves, as to form and content, the Notice annexed as Exhibit B hereto and the Summary Notice annexed as Exhibit C hereto and finds that the publication of the Notice, Summary Notice, and Stipulation, substantially in the manner and form set forth in this Order, meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

4.     Not later than ten (10) business days following entry of this Order, PSI shall publish the Summary Notice once in *Investor's Business Daily*, and shall post the Stipulation and Notice on PSI's website, such that visitors to the "Investors" section of the website will readily find a hyperlink to this Stipulation and the Notice.  In addition, in all periodic filings with the SEC after issuance of this Order Directing Notice of Proposed Settlement to Stockholders ("Preliminary Approval Order"), PSI shall include a statement that the Action has settled and received preliminary approval, and shall direct stockholders to PSI's Investor Relations webpage for additional information.  Within the above described period, Plaintiffs' Counsel shall further publish the Stipulation of Settlement and Notice on its website in a manner readily accessible to the public.

5.     All costs incurred in the filing, publishing and posting of the Notice and Summary Notice shall be paid by PSI or its insurers and PSI shall undertake all administrative responsibility for such filing, publication and posting.

- 2 -

6.      No later than ten (10) calendar days prior to the Settlement Hearing, Defendants and Plaintiffs shall file with the Court an appropriate affidavit or declaration with respect to filing and posting the Notice and Summary Notice.

7.      The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Parties consistent with the Settlement, without further notice to PSI stockholders; and (ii) the right to continue or adjourn the Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment thereof, without further notice to PSI stockholders.

8.      Not later than twenty-one (21) calendar days prior to the Settlement Hearing, the Plaintiffs shall file papers with the Court in support of the Settlement and separately negotiated Fee and Expense Amount, including the Incentive Amount.

9.      Any PSI stockholder may appear and show cause, at their own expense, individually or through counsel, if he, she, or it has any reason why the Settlement embodied in the Stipulation should or should not be entered hereon, or the Fee and Expense Amount (including any Incentive Amount) should not be awarded.  However, no PSI stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that PSI stockholder has (1) filed with the Clerk of the Court, and served on counsel as noted below, a written objection setting forth: (i) a written notice of objection with the person's name, address, and telephone number, along with a representation as to whether such person intends to appear at the Settlement Hearing; (ii) competent evidence that such person currently holds shares of PSI common stock; (iii) a statement of objections to any matters before the Court, the grounds therefor, or the reasons for such person desiring to appear and be heard, as well as all documents or writings such person desires the Court to

consider; and (iv) the identities of any witnesses such person plans on calling at the Settlement Hearing, along with a summary description of their likely testimony; and, (2) if a PSI stockholder intends to and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing.

10.     At least fourteen (14) calendar days prior to the Settlement Hearing, any such person must file the written objection(s) and corresponding materials, and a notice of intent to appear if any Current PSI Stockholder intends to appear and requests to be heard at the Settlement Hearing, with the Clerk of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and serve such materials by that date, to each of the following Parties' counsel:

**Counsel for Plaintiffs:**
Stephen J. Oddo
ROBBINS ARROYO LLP
5040 Shoreham Place
San Diego, CA 92122

Eric L. Zagar
KESSLER TOPAZ MELTZER &
CHECK LLP
280 King of Prussia Road
Radnor, PA 19087

Michael I. Fistel Jr.
JOHNSON FISTEL, LLP
40 Powder Springs Street
Marietta, GA 30064

**Counsel for PSI and Defendants Shaojun Sun, Jiang Kui, Jason Lin, Leslie A. Coolidge, and Frank P. Simpkins:**

Nilofer Umar
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603

**Counsel for Defendants Kenneth J. Winemaster, Jay Hansen, Ellen R. Hoffing, Kenneth W. Landini and Mary E. Vogt:**

Thomas P. Cimino, Jr.
VEDDER PRICE P.C.
222 N. LaSalle
Suite 2600
Chicago, IL 60601

**Counsel for Defendant Gary S. Winemaster:**

John J. Sikora, Jr.
LATHAM & WATKINS LLP
330 North Wabash Suite 2800
Chicago, IL 60611

**Counsel for Defendant Michael P. Lewis:**

James A. Rolfes
REED SMITH LLP
10 South Wacker, 40th Floor
Chicago, IL 60606

**Counsel for Defendant Daniel P. Gorey:**

Michael J. Lohnes
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661

11.     Only PSI stockholders who have filed with the Court and sent to the Parties' counsel valid and timely written notices of objection will be entitled to be heard at the hearing, unless the Court orders otherwise.

12.     Any PSI stockholder who does not make an objection in the manner provided herein shall be deemed to have waived any such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement, unless otherwise ordered by the Court, but shall be otherwise bound by the Judgment to be entered and the releases to be given.

13.     Plaintiffs' Counsel and Defendants' counsel are directed to promptly furnish each other with copies of any and all objections that are served upon them or otherwise come into their possession.

14.     Not later than seven (7) calendar days prior to the Settlement Hearing the Parties' responses to objections, if any, shall be served and filed.

15.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

16.     Pending final determination of whether the Settlement should be approved, no PSI stockholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

17.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to PSI securities holders, and retains exclusive jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to PSI securities holders.

18.     Neither the Stipulation, nor the Settlement, nor the Term Sheet, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the

- 6 -

Settlement or the Term Sheet: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties or any other person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, or liability of the Parties or Released Persons, or of the validity of any Released Claims; nor (ii) shall be admissible, offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, except that the Released Persons may file the Stipulation and the Final Judgment, if any, in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

DATED:

                                                _____
                                                BY ORDER OF THE COURT
                                                UNITED STATES DISTRICT COURT

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRAVIS DORVIT and MICHAEL MARTIN, Derivatively on Behalf of Nominal Defendant POWER SOLUTIONS INTERNATIONAL, INC., | ) ) ) ) | |
| | ) | Case No. 1:17-cv-01097 |
| Plaintiffs, | ) ) | Honorable Thomas M. Durkin |
| v. | ) ) | |
| GARY S. WINEMASTER, KENNETH WINEMASTER, DANIEL P. GOREY, JAY HANSEN, ELLEN R. HOFFING, KENNETH LANDINI, MICHAEL P. LEWIS, MARY VOGT, SHAOJUN SUN, JIANG KUI, JASON LIN, LESLIE A. COOLIDGE, and FRANK P. SIMPKINS, | ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| POWER SOLUTIONS INTERNATIONAL, INC., | ) ) ) | |
| Nominal Defendant. | ) ) | |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT**
**OF STOCKHOLDER ACTION**

**TO:  ALL RECORD AND BENEFICIAL OWNERS OF POWER SOLUTIONS INTERNATIONAL, INC. ("PSI") COMMON STOCK, EXCLUDING THE INDIVIDUAL DEFENDANTS, THE OFFICERS AND DIRECTORS OF PSI, MEMBERS OF THEIR IMMEDIATE FAMILIES, AND ANY ENTITY IN WHICH INDIVIDUAL DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST ("CURRENT PSI STOCKHOLDERS").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS ACTION. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF STOCKHOLDER DERIVATIVE LITIGATION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.**

**IF THE COURT APPROVES THE SETTLEMENT AND DISMISSAL OF THE ACTION, CURRENT STOCKHOLDERS OF PSI WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS.  THIS ACTION IS NOT A "CLASS ACTION."  THUS, THERE IS NO COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR A MONETARY PAYMENT.**

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS RESPECTING THE MERITS OF THE ACTION.  THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT.  IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

**YOU ARE HEREBY NOTIFIED**, pursuant to an Order from the Honorable Thomas M. Durkin, of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, IL 60604 (the "Court"), that a proposed settlement agreement has been reached among (i) Plaintiffs,[1] on behalf of themselves and derivatively on behalf of PSI; (ii) nominal defendant PSI; and (iii) and defendants Shaojun Sun, Jiang Kui, Jason Lin, Leslie A. Coolidge, Frank P. Simpkins, Gary

---

[1] For purposes of this Notice, the Court incorporates by reference the definitions in the Parties' Stipulation of Settlement, fully executed as of May 10, 2019 (the "Stipulation"), and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation.

Winemaster, Kenneth Winemaster, Daniel P. Gorey, Jay Hansen, Ellen R. Hoffing, Kenneth Landini, Michael P. Lewis, and Mary E. Vogt (collectively, the "Individual Defendants") in connection with the above-captioned stockholder derivative action (the "Action").

Plaintiffs filed the Action derivatively on behalf of PSI to remedy the alleged harm caused to the Company by the Individual Defendants' alleged breaches of their fiduciary duties and other alleged misconduct. The proposed Settlement, if approved by the Court, would fully, finally and forever resolve the Action on the terms set forth in the Stipulation of Settlement ("Stipulation") and summarized in this Notice, including the dismissal of the Action with prejudice.

As explained below, a Settlement Hearing will be held before the Court on _____ ___, 2019, at _____ __.m., before the Honorable Thomas M. Durkin, of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, IL 60604, to determine (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to PSI and Current PSI Stockholders[2] and should be approved by the Court; (ii) whether the [Proposed] Final Judgment and Order approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Action with prejudice and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiffs' Counsel's Fee and Expense Amount, including any Incentive

---

[2] Current PSI Stockholders is defined to mean any Persons who owns PSI common stock as of the date upon which the Judgment approving the Settlement becomes Final, excluding the Individual Defendants, the current officers and directors of PSI, members of their immediate families, their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest.

2

Amount, should be approved.  At the Settlement Hearing, the Court may also hear or consider such other matters as the Court may deem necessary and appropriate.

You have the right to object to the Settlement and the Fee and Expense Amount in the manner provided herein.  If you fail to object in the manner provided herein ***at least fourteen (14) days prior to the Settlement Hearing***, you will be deemed to have waived your objections and will forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Amount, including any Incentive Amount, as set forth in the Stipulation, unless otherwise ordered by the Court, but will be forever bound by the Final Order and Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

This Notice is not intended to be and should not be construed as an expression of any opinion by the Court with respect to the merits of the claims made in the Action; this Notice is merely to advise you of the proposed Settlement and of your rights as a Current PSI Stockholder.

## I.      BACKGROUND

### A.      Procedural History of the Consolidated Action

Plaintiff Travis Dorvit filed this Action (the "*Dorvit* Action") on February 10, 2017 in the United States District Court for the Northern District of Illinois, asserting claims for breach of fiduciary duty against defendants Gary Winemaster, Kenneth Winemaster, Eric A. Cohen, Daniel P. Gorey, Jay Hansen, Ellen R. Hoffing, Kenneth Landini, Michael P. Lewis, and Mary E. Vogt, and claims for unjust enrichment against certain defendants for the compensation they received based on PSI's overstated financial results.  On April 3, 2018, another derivative action was filed in the United States District Court for the Northern District of Illinois, captioned, *Martin v. Winemaster, et al.*, Case No. 1:18-cv-02386 (the "*Martin* Action").  On June 28, 2018, the parties to the *Dorvit* and *Martin* Actions jointly moved to consolidate the actions (the

"Consolidated Action" or "Action") and this motion was granted on July 3, 2018. Plaintiffs filed the Verified Second Amended Stockholder Direct and Derivative Complaint (the "Second Amended Complaint") on July 17, 2018. The Second Amended Complaint alleged claims for breach of fiduciary duty, unjust enrichment, corporate waste, and failure to hold an annual stockholders meeting under Delaware law.

Prior to filing the *Dorvit* and *Martin* Actions, Plaintiffs' Counsel devoted significant efforts to investigate and assess the derivative claims, including, but not limited to: (i) inspecting, analyzing, and reviewing public information pertaining to the alleged wrongdoing, including PSI's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, securities analysts' reports, advisories, media reports, and news articles; (ii) researching the applicable law with respect to the derivative claims to be asserted and the potential defenses thereto; (iii) conducting an analysis of the potential and actual damages resulting from the alleged wrongdoing; and (iv) drafting and filing their respective complaints.

On October 1, 2018, nominal defendant PSI and the Individual Defendants moved to dismiss the Second Amended Complaint pursuant to Rule 23.1 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs filed an omibus opposition to the motions to dismiss on November 30, 2018, as well as a motion to strike certain exhibits in Defendants' motion to dismiss. Defendants filed reply briefs and a joint opposition to Plaintiffs' motion to strike on January 14, 2019. The motions to dismiss have been fully briefed, but a hearing had not been scheduled and no decision had been issued as of the time that the parties notified the Court that they had reached an agreement-in-principle to resolve the Action.

### B. The Settlement of the Action and Mediation Efforts

After Plaintiffs sent a settlement demand to Defendants to explore whether Defendants were interested in attempting to settle this difficult and complex stockholder derivative matter

efficiently and in the best interests of the Company, the Parties agreed to seek the aid of experienced mediator Robert A. Meyer, Esq. of JAMS (the "Mediator") to assist the Parties. On October 29, 2018, the parties to this Action participated in a mediation session in Chicago, but were unable to agree on a settlement at that time.

After the October 29, 2018 mediation, the Parties continued arm's-length settlement negotiations over the next several months. On January 8, 2019, Plaintiffs sent Defendants another settlement demand proposing monetary relief and corporate governance reforms designed to address Defendants' alleged breach of fiduciary duties and to improve the independence and rigor of the Board and committee oversight of core operations. Extensive settlement negotiations aimed at reaching a resolution of the derivative claims in the best interests of the Company soon followed. In support of these settlement discussions, Plaintiffs' Counsel spent significant efforts reviewing PSI's corporate governance structures and policies, researching corporate governance issues and best practices, and formulating proposed corporate governance reforms. Thereafter, negotiations continued and the Parties exchanged several additional written settlement proposals.

On April 9, 2019, the Parties participated in a second formal in-person mediation before the Mediator in Los Angeles. At the conclusion of the mediation, the Parties reached an agreement-in-principle to resolve the Action. Thereafter, the Parties memorialized the basic Settlement terms and executed a Binding Settlement Term Sheet on April 11, 2019 (the "Term Sheet"). The Parties executed the Stipulation on May 10, 2019.

The Parties are in agreement that a settlement on the terms and subject to the conditions set forth in this Stipulation is fair, adequate, and reasonable. The Parties agree that the

Settlement confers substantial benefits to PSI and its stockholders and that the Action was a material factor in the substantial benefits achieved.

## II.  PLAINTIFFS' COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFFS' CLAIMS, AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Action have merit.  However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial and through appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Plaintiffs are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Action.  The Settlement set forth in this Stipulation confers substantial benefits upon PSI and its stockholders, and is in the best interests of PSI and its stockholders.

## III.  DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each of the Defendants has expressly denied and continues to deny all of the claims and contentions alleged, or which could have been alleged, in the Action or similar such actions, including that PSI has suffered damage by or as a result of the conduct alleged in the Action or similar such actions.

Nonetheless, in order to eliminate the burden, expense, and risks inherent in the litigation, Defendants have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement.  Neither this Stipulation, nor the Settlement, nor the Term Sheet, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Parties or any other person as a

presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of the Parties or of the validity of any Released Claims; or (b) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Stipulation, nor the Settlement, nor the Term Sheet, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, the Settlement, or the Term Sheet, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file this Stipulation and/or the Judgment in any action that may be brought against them to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

## IV. THE SETTLEMENT HEARING

1. A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2019, at ___: _.m., at Honorable Thomas M. Durkin in Courtroom 1441 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, IL 60604, to determine whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to PSI and its securities holders and should be approved by the Court; whether the [Proposed] Final Order and Judgment should be entered herein; and whether to award attorneys' fees and expenses to Plaintiffs' Counsel, including any Incentive Award.

2. At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate. The Court may adjourn the date of the Settlement Hearing without further notice to Current PSI Stockholders, and the Settlement

Hearing may be continued by the Court at the Settlement Hearing, or at any adjourned session thereof, without further notice.

## V. THE SETTLEMENT

The terms and conditions of the proposed Settlement are set forth fully in the Stipulation referenced above. As a part of the proposed Settlement, Defendants shall cause to be paid $1,875,000 to a settlement fund (the "Settlement Fund"). In addition, PSI has agreed that within thirty (30) days of the issuance of an order approving the settlement of the Action, PSI will adopt certain corporate governance reforms ("Reforms"), which PSI shall maintain for a period of not less than four (4) years or until the Company ceases to become a public company. The Parties agree that the initiation, prosecution, and settlement of the Action were material factors in the Reforms. The Parties further agree that the Reforms confer a substantial benefit to PSI as part of the Settlement of the Action.

## VI. DISMISSAL AND RELEASES

In connection with the Court's approval of the Settlement, the Parties will jointly request entry of the [Proposed] Final Order and Judgment by the Court, dismissing with prejudice all claims that Plaintiffs have alleged in the Action and any other Released Claims. Upon the Effective Date, the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons and any and all claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action against the Released Persons. Upon the Effective Date, each of the Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution,

assertion, settlement, or resolution of the Action or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation.

## VII.    ATTORNEYS' FEES AND EXPENSES

After negotiation of the principal terms of the settlement, Plaintiffs' Counsel and Defendants separately negotiated at arm's-length the amount of attorneys' fees and expenses for Plaintiffs' Counsel.  In connection with a motion for final approval of the Settlement, Plaintiffs' Counsel will request an award of attorneys' fees and expenses of $937,500 to be paid out of the Settlement Fund (the "Fee and Expense Amount").  Additionally, Plaintiffs' Counsel may also apply on behalf of Plaintiffs for an incentive award in the amount of $2,000 (the "Incentive Amount") in recognition of the Plaintiffs' participation and efforts in the prosecution of the Action.  The Incentive Amount shall be funded from the Fee and Expense Amount, as approved by the Court.  Neither PSI, the Individual Defendants, nor Defendants' insurer(s) shall be liable for any portion of any Incentive Amount.

## VIII.   THE RIGHT TO OBJECT AND/OR BE HEARD AT THE SETTLEMENT HEARING

Any Current PSI Stockholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be approved as fair, reasonable, and adequate, why the Final Order and Judgment should not be entered thereon, or why the Fee and Expense Amount, including any Incentive Amount, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current PSI Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered approving the Settlement, or the Fee and Expense Amount, unless that stockholder has, *at least fourteen (14) days prior to the Settlement Hearing*: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of

9

the objection; (b) proof of current ownership of PSI common stock, including the number of shares of PSI common stock and the date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current PSI Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing. If a Current PSI Stockholder files a written objection and/or written notice of intent to appear, such stockholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

Stephen J. Oddo
ROBBINS ARROYO LLP
5040 Shoreham Place
San Diego, CA 92122

Eric L. Zagar
KESSLER TOPAZ MELTZER &
CHECK LLP
280 King of Prussia Road
Radnor, PA 19087

Michael I. Fistel Jr.
JOHNSON FISTEL, LLP
40 Powder Springs Street
Marietta, GA 30064

Nilofer Umar
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603

*Counsel for PSI and Defendants Shaojun Sun, Jiang Kui, Jason Lin, Leslie A. Coolidge, and Frank P. Simpkins*

Thomas P. Cimino, Jr.
VEDDER PRICE P.C.
222 N. LaSalle
Suite 2600
Chicago, IL 60601

|                                                                                   |                                                                                                                                       |
| :-------------------------------------------------------------------------------- | :------------------------------------------------------------------------------------------------------------------------------------ |
| *Counsel for Plaintiffs Travis Dorvit and Michael Martin and Stockholder Bruce Fisher* | *Counsel for Defendants Kenneth Winemaster, Jay Hansen, Ellen R. Hoffing, Kenneth W. Landini and Mary E. Vogt* |

John J. Sikora, Jr.
LATHAM & WATKINS LLP
330 North Wabash Suite 2800
Chicago, IL 60611

*Counsel for Defendant Gary S. Winemaster*

James A. Rolfes
REED SMITH LLP
10 South Wacker, 40th Floor
Chicago, IL 60606

*Counsel for Defendant Michael P. Lewis*

Michael J. Diver
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661

*Counsel for Defendant Daniel P. Gorey*

Any Current PSI Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Amount, including any Incentive Amount, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Final Order and Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

## IX.   CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation, which requires, among other things: (a) the dismissal with prejudice of the Action without the award of any damages, costs, fees, or the grant of any further relief, except as

provided in the Stipulation; (b) the entry by the Court of a Final Order and Judgment that provides for the dismissal with prejudice of the Action and granting the release of the Released Claims; and (c) the Settlement becoming Final. If, for any reason, any one of the conditions described in the Stipulation is not met and/or the entry of the Final Order and Judgment does not occur, the Stipulation shall be null and void and of no force and effect and the Parties to the Stipulation will be restored to their respective positions in the Action as of the date immediately preceding the date of the Stipulation.

## X.    EXAMINATION OF PAPERS AND INQUIRIES

This Notice contains only a summary of the terms of the Settlement. For a more detailed statement of the matters involved in the Action, reference is made to the Stipulation, which may be inspected at the Clerk of the Court's Office for the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, IL 60604 during business hours of each business day or by visiting PSI's website at http://ir.PSI.is/investors/. The Stipulation is also available for viewing at www.robbinsarroyo.com and www.ktmc.com.

Any other inquiries regarding the Settlement or the Action should be addressed in writing to the following:

Stephen J. Oddo
ROBBINS ARROYO LLP
5040 Shoreham Place
San Diego, CA 92122

Eric Zagar
KESSLER TOPAZ MELTZER &
CHECK LLP
280 King of Prussia Road
Radnor, PA 19087

Michael I. Fistel Jr.
JOHNSON FISTEL, LLP

40 Powder Springs Street
Marietta, GA 30064

*Counsel for Plaintiffs Travis Dorvit and Michael Martin and Stockholder Bruce Fisher*

**PLEASE DO NOT TELEPHONE THE COURT, PSI, OR THE INDIVIDUAL**

**DEFENDANTS REGARDING THIS NOTICE.**

13

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRAVIS DORVIT and MICHAEL MARTIN, Derivatively on Behalf of Nominal Defendant POWER SOLUTIONS INTERNATIONAL, INC., | ) ) ) ) |
| | ) Case No. 1:17-cv-01097 |
| Plaintiffs, | ) |
| | ) Honorable Thomas M. Durkin |
| v. | ) |
| | ) |
| GARY S. WINEMASTER, KENNETH WINEMASTER, DANIEL P. GOREY, JAY HANSEN, ELLEN R. HOFFING, KENNETH LANDINI, MICHAEL P. LEWIS, MARY VOGT, SHAOJUN SUN, JIANG KUI, JASON LIN, LESLIE A. COOLIDGE, and FRANK P. SIMPKINS, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| POWER SOLUTIONS INTERNATIONAL, INC., | ) ) |
| | ) |
| Nominal Defendant. | ) |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT**
**OF STOCKHOLDER ACTION**

**TO: ALL RECORD AND BENEFICIAL OWNERS OF POWER SOLUTIONS INTERNATIONAL, INC. ("PSI") COMMON STOCK, EXCLUDING THE INDIVIDUAL DEFENDANTS, THE OFFICERS AND DIRECTORS OF PSI, MEMBERS OF THEIR IMMEDIATE FAMILIES, AND ANY ENTITY IN WHICH INDIVIDUAL DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST ("CURRENT PSI STOCKHOLDERS").**

THIS NOTICE IS GIVEN pursuant to an order of the United States District Court for the Northern District of Illinois (the "Court"), to inform you of a proposed stipulated settlement (the "Settlement") in the above-captioned derivative action (the "Action"). The Action involves claims brought derivatively on behalf of PSI, against certain of its current and former directors and officers alleging breaches of fiduciary duty, relating to certain events, public statements, and allegedly improper statements in PSI's press releases and U.S. Securities and Exchange Commission ("SEC") filings. The Action also involves claims for unjust enrichment against certain defendants for the compensation they received during the time they were associated with PSI, waste of corporate assets, and for failure to hold an annual meeting of stockholders.

Defendants, individually and collectively, have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Action, including all charges of fault, wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged in the Action. Nonetheless, Defendants have agreed to the Settlement on the terms and subject to the conditions in the Stipulation of Settlement dated [ * ], 2019. Under the terms of the Stipulation of Settlement dated ____, 2019 ("Stipulation"), as a part of the proposed Settlement, Defendants shall cause to be paid $1,875,000 to a settlement fund (the "Settlement Fund"). In addition, PSI has agreed that within thirty (30) days of the issuance of an order approving the settlement of the Action, PSI will adopt certain corporate governance reforms ("Reforms"), which PSI shall maintain for a period of not less than four (4) years or so long as the Company remains a public company. The Parties agree that the initiation, prosecution, and settlement of the Action were material factors in the Reforms. The Parties further agree that the Reforms confer a substantial benefit to PSI as part of the Settlement of the Action.

In light of the substantial benefits conferred upon PSI by Plaintiffs' Counsel's efforts, in connection with a motion for final approval of the Settlement, Plaintiffs' Counsel will request an award of attorneys' fees and expenses of $937,500 to be paid out of the Settlement Fund (the "Fee and Expense Amount"). Additionally, Plaintiffs' Counsel may also apply on behalf of Plaintiffs for an incentive award in the amount of $2,000 (the "Incentive Amount") in recognition of Plaintiffs' participation and efforts in the prosecution of the Action. The Incentive Amount shall be funded from the Fee and Expense Amount, as approved by the Court.

YOU ARE HEREBY NOTIFIED THAT a hearing (the "Settlement Hearing") will be held on _____ ____, 2019, at _____ __.m., before the Honorable Thomas M. Durkin, of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, IL 60604, for the purpose of determining whether the Settlement should be approved as fair, reasonable, and adequate and whether the Fee and Expense Amount, including the Incentive Amount, should be

approved.  ***Because this is a stockholder derivative action brought for the benefit of PSI, no individual Current PSI Stockholders has the right to receive any individual compensation as a result of the Settlement.***

**IF YOU ARE AN OWNER OF PSI COMMON STOCK, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT.**  This notice contains only a summary of the Action and the terms of the Settlement.  The terms and conditions of the proposed Settlement are set forth fully in the Stipulation described above.  If you are a Current PSI Stockholders, you may obtain a copy of a detailed notice to Current PSI Stockholders (the "Notice") describing the Action, the proposed Settlement, and the rights of Current PSI Stockholders with regard to the Settlement, as well as a copy of the Stipulation, by visiting the website http://ir.PSI.is/investors/. The Stipulation is also available for viewing at www.robbinsarroyo.com and www.ktmc.com

Should you have any other questions regarding the proposed Settlement of the Action, please contact the following counsel for Plaintiffs:

Stephen J. Oddo
ROBBINS ARROYO LLP
5040 Shoreham Place
San Diego, CA 92122


Eric L. Zagar
KESSLER TOPAZ MELTZER & CHECK LLP
280 King of Prussia Road
Radnor, PA 19087


Michael I. Fistel Jr.
JOHNSON FISTEL, LLP
40 Powder Springs Street
Marietta, GA 30064

*Counsel for Plaintiffs Travis Dorvit and Michael Martin and Stockholder Bruce Fisher.*

Any Current PSI Stockholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Final Order and Judgment should not be entered thereon, or why the Fee and Expense Amount and any Incentive Amount, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current PSI Stockholders shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered approving the Settlement, or the Fee and Expense Amount, unless that stockholder has filed ***at least fourteen (14) days prior to the Settlement Hearing*** an objection with the Court.  Any objection to the Settlement, the Fee and Expense Amount, or the Incentive Amount must be filed, in accordance with the procedures set forth in the Notice, with the Clerk of the Court (Honorable Thomas M. Durkin, of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street Chicago, IL 60604), no later than _____, 2019, <u>and</u> served by hand or first class mail (postage prepaid) for delivery by the same date on

Plaintiffs' counsel (at the addresses listed above) <u>and</u> on counsel for Defendants (at the addresses listed below):

Stephen J. Oddo
ROBBINS ARROYO LLP
5040 Shoreham Place
San Diego, CA 92122

Eric L. Zagar
KESSLER TOPAZ MELTZER &
CHECK LLP
280 King of Prussia Road
Radnor, PA 19087

Michael I. Fistel Jr.
JOHNSON FISTEL, LLP
40 Powder Springs Street
Marietta, GA 30064

*Counsel for Plaintiffs Travis Dorvit and
Michael Martin and Stockholder Bruce
Fisher*

Nilofer Umar
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603

*Counsel for PSI and Defendants Shaojun Sun,
Jiang Kui, Jason Lin, Leslie A. Coolidge, and
Frank P. Simpkins*

Thomas P. Cimino, Jr.
VEDDER PRICE P.C.
222 N. LaSalle
Suite 2600
Chicago, IL 60601

*Counsel for Defendants Kenneth Winemaster,
Jay Hansen, Ellen R. Hoffing, Kenneth W.
Landini and Mary E. Vogt*

John J. Sikora, Jr.
LATHAM & WATKINS LLP
330 North Wabash Suite 2800
Chicago, IL 60611

*Counsel for Defendant Gary S. Winemaster*

James A. Rolfes
REED SMITH LLP
10 South Wacker, 40th Floor
Chicago, IL 60606

*Counsel for Defendant Michael P. Lewis*

Michael J. Diver
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661

*Counsel for Defendant Daniel P. Gorey*

**PLEASE DO NOT CALL OR WRITE THE COURT, PSI, OR THE INDIVIDUAL
DEFENDANTS REGARDING THIS NOTICE.**

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS DORVIT and MICHAEL MARTIN, Derivatively on Behalf of Nominal Defendant POWER SOLUTIONS INTERNATIONAL, INC., | ) ) ) ) | |
| | ) | Case No. 1:17-cv-01097 |
| Plaintiffs, | ) ) | Honorable Thomas M. Durkin |
| v. | ) ) | |
| GARY S. WINEMASTER, KENNETH WINEMASTER, DANIEL P. GOREY, JAY HANSEN, ELLEN R. HOFFING, KENNETH LANDINI, MICHAEL P. LEWIS, MARY VOGT, SHAOJUN SUN, JIANG KUI, JASON LIN, LESLIE A. COOLIDGE, and FRANK P. SIMPKINS, | ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| POWER SOLUTIONS INTERNATIONAL, INC., | ) ) ) | |
| Nominal Defendant. | ) ) | |

## [PROPOSED] FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to this Court's Order Directing Notice of Proposed Settlement to Stockholders, dated _____, 2019 (the "Notice Order"), on the application of the Parties for final approval of the Settlement set forth in the Stipulation of Settlement dated May 10, 2019 (the "Stipulation").  Due and adequate notice having been given to Power Solutions International, Inc. ("PSI") stockholders as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and except where otherwise specified, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3.      The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties, PSI, and Current PSI Stockholders, and hereby finally approves the Settlement in all respects and orders the Parties to perform its terms to the extent the Parties have not already done so.

4.      This Action, all claims contained herein, and any other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice by virtue of the proceedings herein and this Judgment.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.      Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled, released, relinquished,

extinguished, discharged, and dismissed with prejudice the Released Claims (including Unknown Claims) against the Released Persons any and all of the claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action against the Released Persons. The Releasing Parties shall also forever be barred and enjoined from instituting, commencing, or prosecuting any and all of the Released Claims against any of the Released Persons. Nothing in this Paragraph shall affect the Released Parties' ability to enforce the releases and other terms and conditions contained in the Stipulation and/or the Judgment entered pursuant thereto.

6. Upon the Effective Date, each of the Defendants shall be deemed to have fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

7. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

8. The Court finds that the Notice of Pendency and Proposed Settlement of Stockholder Action posted on the Investor Relations portion of PSI's website, posted on Plaintiffs' Counsel's website, and the Summary Notice published in *Investor's Business Daily*, provided the best notice practicable under the circumstances to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process.

9. The Court finds that during the course of the Action, the Parties and their counsel at all times complied with Local Rule 83.50 of the Local Rules of the United States District Court for the Northern District of Illinois.

10. The Court finds that the Fee and Expense Amount is fair and reasonable in light of the substantial benefits conferred upon PSI by the Settlement, and finally approves the Fee and Expense Amount.

11. The Court finds that the Incentive Amount is fair and reasonable, in accordance with the Stipulation, and finally approves the Incentive Amount, to be paid from the Fee and Expense Amount by Plaintiffs' Counsel.

12. This Judgment, the facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, and any negotiations, discussions, actions, and proceedings in connection with the Stipulation or Settlement shall not be offered, received, or used in any way as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of: (a) the Parties with respect to the truth of any fact alleged or that could have been alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action, or the deficiency or infirmity of any defense that has been or could have been asserted in the Action, or of any fault, wrongdoing, negligence, or liability of any of the Released Parties; (b) any fault, misrepresentation, or omission with respect to any statement or written document approved, issued, or made by any Released Party, or against Plaintiffs as evidence of any infirmity in her claims; or (c) any liability, fault, negligence, omission, or wrongdoing whatsoever, or in any way referred to for any other reason as against the Released Parties, in any arbitration proceeding or

other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal.

13.     This Judgment, the Stipulation, the Settlement, the Term Sheet, and any act performed or document executed pursuant to or in furtherance thereof, shall not be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement.  However, the Released Parties may refer to the Settlement, and file the Stipulation and/or this Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

14.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

15.     This Judgment is a final, appealable judgment and the Court directs immediate entry of the Judgment forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing the Consolidated Action with prejudice.

IT IS SO ORDERED.

DATED: _____         _____
                              BY ORDER OF THE COURT
                              UNITED STATES DISTRICT COURT