# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRAVIS DORVIT and MICHAEL MARTIN, Derivatively on Behalf of Nominal Defendant POWER SOLUTIONS INTERNATIONAL, INC., | ) ) ) ) ) | Case No. 1:17-cv-01097 |
| Plaintiffs, | ) ) | Honorable Thomas M. Durkin |
| v. | ) ) | |
| GARY S. WINEMASTER, KENNETH WINEMASTER, DANIEL P. GOREY, JAY HANSEN, ELLEN R. HOFFING, KENNETH LANDINI, MICHAEL P. LEWIS, MARY VOGT, SHAOJUN SUN, JIANG KUI, JASON LIN, LESLIE A. COOLIDGE, and FRANK P. SIMPKINS, | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| POWER SOLUTIONS INTERNATIONAL, INC., | ) ) ) | |
| Nominal Defendant. | ) ) | |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT**
**OF STOCKHOLDER ACTION**

TO: **ALL RECORD AND BENEFICIAL OWNERS OF POWER SOLUTIONS INTERNATIONAL, INC. ("PSI") COMMON STOCK, EXCLUDING THE INDIVIDUAL DEFENDANTS, THE OFFICERS AND DIRECTORS OF PSI, MEMBERS OF THEIR IMMEDIATE FAMILIES, AND ANY ENTITY IN WHICH INDIVIDUAL DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST ("CURRENT PSI STOCKHOLDERS").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS ACTION. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF STOCKHOLDER DERIVATIVE LITIGATION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.**

**IF THE COURT APPROVES THE SETTLEMENT AND DISMISSAL OF THE ACTION, CURRENT STOCKHOLDERS OF PSI WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS.  THIS ACTION IS NOT A "CLASS ACTION."  THUS, THERE IS NO COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR A MONETARY PAYMENT.**

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS RESPECTING THE MERITS OF THE ACTION.  THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT.  IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

**YOU ARE HEREBY NOTIFIED**, pursuant to an Order from the Honorable Thomas M. Durkin, of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, IL 60604 (the "Court"), that a proposed settlement agreement has been reached among (i) Plaintiffs,[1] on behalf of themselves and derivatively on behalf of PSI; (ii) nominal defendant PSI; and (iii) and defendants Shaojun Sun, Jiang Kui, Jason Lin, Leslie A. Coolidge, Frank P. Simpkins, Gary

---

[1] For purposes of this Notice, the Court incorporates by reference the definitions in the Parties' Stipulation of Settlement, fully executed as of May 10, 2019 (the "Stipulation"), and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation.

Winemaster, Kenneth Winemaster, Daniel P. Gorey, Jay Hansen, Ellen R. Hoffing, Kenneth Landini, Michael P. Lewis, and Mary E. Vogt (collectively, the "Individual Defendants") in connection with the above-captioned stockholder derivative action (the "Action").

Plaintiffs filed the Action derivatively on behalf of PSI to remedy the alleged harm caused to the Company by the Individual Defendants' alleged breaches of their fiduciary duties and other alleged misconduct. Specifically, Plaintiffs alleged that the Individual Defendants breached their fiduciary duties to the Company, committed corporate waste and unjustly enriched themselves at the Company's expense in connection with their alleged failure to institute and maintain sufficient internal controls, which led to the Company having to restate its financials for several reporting periods. The proposed Settlement, which provides for the payment of $1.875 million to the Company from the Individual Defendants' insurance and a number of corporate governance reforms, if approved by the Court, would fully, finally and forever resolve the Action on the terms set forth in the Stipulation of Settlement ("Stipulation") and summarized in this Notice, including the dismissal of the Action with prejudice.

As explained below, a Settlement Hearing will be held before the Court on _____ ___, 2019, at _____ __.m., before the Honorable Thomas M. Durkin, of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, IL 60604, to determine (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to PSI and Current PSI Stockholders[2] and should be approved by the

---

[2] Current PSI Stockholders is defined to mean any Persons who owns PSI common stock as of the date upon which the Judgment approving the Settlement becomes Final, excluding the Individual Defendants, the current officers and directors of PSI, members of their immediate

Court; (ii) whether the [Proposed] Final Judgment and Order approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Action with prejudice and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiffs' Counsel's Fee and Expense Amount, including any Incentive Amount, should be approved. At the Settlement Hearing, the Court may also hear or consider such other matters as the Court may deem necessary and appropriate.

You have the right to object to the Settlement and the Fee and Expense Amount in the manner provided herein. If you fail to object in the manner provided herein *at least fourteen (14) days prior to the Settlement Hearing*, you may be deemed to have waived your objections and may forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Amount, including any Incentive Amount, as set forth in the Stipulation, unless otherwise ordered by the Court, but will be forever bound by the Final Order and Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

This Notice is not intended to be and should not be construed as an expression of any opinion by the Court with respect to the merits of the claims made in the Action; this Notice is merely to advise you of the proposed Settlement and of your rights as a Current PSI Stockholder.

## I. BACKGROUND

### A. Procedural History of the Consolidated Action

Plaintiff Travis Dorvit filed this Action (the "*Dorvit* Action") on February 10, 2017 in the United States District Court for the Northern District of Illinois, asserting claims for breach of

families, their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest.

fiduciary duty against defendants Gary Winemaster, Kenneth Winemaster, Eric A. Cohen, Daniel P. Gorey, Jay Hansen, Ellen R. Hoffing, Kenneth Landini, Michael P. Lewis, and Mary E. Vogt, and claims for unjust enrichment against certain defendants for the compensation they received based on PSI's overstated financial results. On April 3, 2018, another derivative action was filed in the United States District Court for the Northern District of Illinois, captioned, *Martin v. Winemaster, et al.*, Case No. 1:18-cv-02386 (the "*Martin* Action"). On June 28, 2018, the parties to the *Dorvit* and *Martin* Actions jointly moved to consolidate the actions (the "Consolidated Action" or "Action") and this motion was granted on July 3, 2018. Plaintiffs filed the Verified Second Amended Stockholder Direct and Derivative Complaint (the "Second Amended Complaint") on July 17, 2018. The Second Amended Complaint alleged claims for breach of fiduciary duty, unjust enrichment, corporate waste, and failure to hold an annual stockholders meeting under Delaware law.

Prior to filing the *Dorvit* and *Martin* Actions, Plaintiffs' Counsel devoted significant efforts to investigate and assess the derivative claims, including, but not limited to: (i) inspecting, analyzing, and reviewing public information pertaining to the alleged wrongdoing, including PSI's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, securities analysts' reports, advisories, media reports, and news articles; (ii) researching the applicable law with respect to the derivative claims to be asserted and the potential defenses thereto; (iii) conducting an analysis of the potential and actual damages resulting from the alleged wrongdoing; and (iv) drafting and filing their respective complaints.

On October 1, 2018, nominal defendant PSI and the Individual Defendants moved to dismiss the Second Amended Complaint pursuant to Rule 23.1 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs filed an omibus opposition to the motions to dismiss on

November 30, 2018, as well as a motion to strike certain exhibits in Defendants' motion to dismiss. Defendants filed reply briefs and a joint opposition to Plaintiffs' motion to strike on January 14, 2019. The motions to dismiss have been fully briefed, but a hearing had not been scheduled and no decision had been issued as of the time that the parties notified the Court that they had reached an agreement-in-principle to resolve the Action.

**B. The Settlement of the Action and Mediation Efforts**

After Plaintiffs sent a settlement demand to Defendants to explore whether Defendants were interested in attempting to settle this difficult and complex stockholder derivative matter efficiently and in the best interests of the Company, the Parties agreed to seek the aid of experienced mediator Robert A. Meyer, Esq. of JAMS (the "Mediator") to assist the Parties. On October 29, 2018, the parties to this Action participated in a mediation session in Chicago, but were unable to agree on a settlement at that time.

After the October 29, 2018 mediation, the Parties continued arm's-length settlement negotiations over the next several months. On January 8, 2019, Plaintiffs sent Defendants another settlement demand proposing monetary relief and corporate governance reforms designed to address Defendants' alleged breach of fiduciary duties and to improve the independence and rigor of the Board and committee oversight of core operations. Extensive settlement negotiations aimed at reaching a resolution of the derivative claims in the best interests of the Company soon followed. In support of these settlement discussions, Plaintiffs' Counsel spent significant efforts reviewing PSI's corporate governance structures and policies, researching corporate governance issues and best practices, and formulating proposed corporate governance reforms. Thereafter, negotiations continued and the Parties exchanged several additional written settlement proposals.

On April 9, 2019, the Parties participated in a second formal in-person mediation before the Mediator in Los Angeles. At the conclusion of the mediation, the Parties reached an agreement-in-principle to resolve the Action. Thereafter, the Parties memorialized the basic Settlement terms and executed a Binding Settlement Term Sheet on April 11, 2019 (the "Term Sheet"). The Parties executed the Stipulation on May 10, 2019.

The Parties are in agreement that a settlement on the terms and subject to the conditions set forth in this Stipulation is fair, adequate, and reasonable. The Parties agree that the Settlement confers substantial benefits to PSI and its stockholders and that the Action was a material factor in the substantial benefits achieved.

## II. PLAINTIFFS' COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFFS' CLAIMS, AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Action have merit. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial and through appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Plaintiffs are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Action. The Settlement set forth in this Stipulation confers substantial benefits upon PSI and its stockholders, and is in the best interests of PSI and its stockholders.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each of the Defendants has expressly denied and continues to deny all of the claims and contentions alleged, or which could have been alleged, in the Action or similar such actions,

including that PSI has suffered damage by or as a result of the conduct alleged in the Action or similar such actions.

Nonetheless, in order to eliminate the burden, expense, and risks inherent in the litigation, Defendants have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement. Neither this Stipulation, nor the Settlement, nor the Term Sheet, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Parties or any other person as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of the Parties or of the validity of any Released Claims; or (b) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Stipulation, nor the Settlement, nor the Term Sheet, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, the Settlement, or the Term Sheet, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file this Stipulation and/or the Judgment in any action that may be brought against them to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

## IV.    THE SETTLEMENT HEARING

1.    A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2019, at ___: _.m., at Honorable Thomas M. Durkin in Courtroom 1441 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, IL

60604, to determine whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to PSI and its securities holders and should be approved by the Court; whether the [Proposed] Final Order and Judgment should be entered herein; and whether to award attorneys' fees and expenses to Plaintiffs' Counsel, including any Incentive Award.

2.      At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.  The Court may adjourn the date of the Settlement Hearing without further notice to Current PSI Stockholders, and the Settlement Hearing may be continued by the Court at the Settlement Hearing, or at any adjourned session thereof, without further notice.

## V.    THE SETTLEMENT

The terms and conditions of the proposed Settlement are set forth fully in the Stipulation referenced above.  As a part of the proposed Settlement, Defendants shall cause to be paid $1,875,000 to a settlement fund (the "Settlement Fund").  In addition, PSI has agreed that within thirty (30) days of the issuance of an order approving the settlement of the Action, PSI will adopt certain corporate governance reforms ("Reforms"), which PSI shall maintain for a period of not less than four (4) years or until the Company ceases to become a public company.  The Parties agree that the initiation, prosecution, and settlement of the Action were material factors in the Reforms.  The Parties further agree that the Reforms confer a substantial benefit to PSI as part of the Settlement of the Action.  As set forth in Section VII, Plaintiffs' Counsel will ask the Court at the Settlement Hearing for an award of attorneys' fees and expenses of $937,500 to be paid out of the Settlement Fund (the "Fee and Expense Amount") in recognition of their efforts in litigating this matter, negotiating the settlement, and achieving the monetary benefit and corporate governance reforms that constitute the Settlement. As a result, if the Court approves

Plaintiffs' Counsel's Fee and Expense Amount, $937,500 of the Settlement Fund will ultimately be returned to the Company.

## VI.    DISMISSAL AND RELEASES

In connection with the Court's approval of the Settlement, the Parties will jointly request entry of the [Proposed] Final Order and Judgment by the Court, dismissing with prejudice all claims that Plaintiffs have alleged in the Action and any other Released Claims.  Upon the Effective Date, the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons and any and all claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action against the Released Persons.  Upon the Effective Date, each of the Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation.

## VII.   ATTORNEYS' FEES AND EXPENSES

After negotiation of the principal terms of the settlement, Plaintiffs' Counsel and Defendants separately negotiated at arm's-length the amount of attorneys' fees and expenses for Plaintiffs' Counsel.  In connection with a motion for final approval of the Settlement, Plaintiffs' Counsel will request the Fee and Expense Amount of $937,500 to be paid out of the Settlement Fund, which will result in $937,500 being returned to the Company.  Additionally, Plaintiffs' Counsel may also apply on behalf of Plaintiffs for an incentive award in the amount of $2,000 (the "Incentive Amount") in recognition of the Plaintiffs' participation and efforts in the prosecution of the Action.  The Incentive Amount shall be funded from the Fee and Expense

Amount, as approved by the Court. Neither PSI, the Individual Defendants, nor Defendants' insurer(s) shall be liable for any portion of any Incentive Amount.

## VIII. THE RIGHT TO OBJECT AND/OR BE HEARD AT THE SETTLEMENT HEARING

Any Current PSI Stockholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be approved as fair, reasonable, and adequate, why the Final Order and Judgment should not be entered thereon, or why the Fee and Expense Amount, including any Incentive Amount, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current PSI Stockholder may be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered approving the Settlement, or the Fee and Expense Amount, unless that stockholder has, *at least fourteen (14) days prior to the Settlement Hearing*: (1) filed with the Clerk of the Court or served on Plaintiffs' counsel listed below a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of current ownership of PSI common stock, including the number of shares of PSI common stock and the date of purchase; and (c) any and all documentation or evidence in support of such objection; and (2) if a Current PSI Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court or served on Plaintiffs' counsel listed below: (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the reason(s) for such objection; (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing. A Current PSI Stockholder wishing to object and/or appear, must serve copies of such notice, proof, statement, and documentation, together

10

with copies of any other papers or briefs (either by hand delivery or by first class mail) either with the Clerk of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, or upon Plaintiffs' counsel:

> Stephen J. Oddo
> ROBBINS ARROYO LLP
> 5040 Shoreham Place
> San Diego, CA 92122

> *Counsel for Plaintiff Michael Martin*

Plaintiffs' Counsel and Defendants' counsel shall promptly furnish each other with copies of any and all objections that are served upon them or otherwise come into their possession and file them with the Court.

Any Current PSI Stockholder who does not make his, her, or its objection in the manner provided herein may be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Amount, including any Incentive Amount, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Final Order and Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

## IX.    CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation, which requires, among other things: (a) the dismissal with prejudice of the Action without the award of any damages, costs, fees, or the grant of any further relief, except as provided in the Stipulation; (b) the entry by the Court of a Final Order and Judgment that provides for the dismissal with prejudice of the Action and granting the release of the Released

Claims; and (c) the Settlement becoming Final. If, for any reason, any one of the conditions described in the Stipulation is not met and/or the entry of the Final Order and Judgment does not occur, the Stipulation shall be null and void and of no force and effect and the Parties to the Stipulation will be restored to their respective positions in the Action as of the date immediately preceding the date of the Stipulation.

## X.     EXAMINATION OF PAPERS AND INQUIRIES

This Notice contains only a summary of the terms of the Settlement. For a more detailed statement of the matters involved in the Action, reference is made to the Stipulation, which may be inspected at the Clerk of the Court's Office for the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, IL 60604 during business hours of each business day or by visiting PSI's website at http://ir.PSI.is/investors/. The Stipulation is also available for viewing at www.robbinsarroyo.com and www.ktmc.com.

Any other inquiries regarding the Settlement or the Action should be addressed in writing to the following:

Stephen J. Oddo
ROBBINS ARROYO LLP
5040 Shoreham Place
San Diego, CA 92122

Eric Zagar
KESSLER TOPAZ MELTZER &
CHECK LLP
280 King of Prussia Road
Radnor, PA 19087

Michael I. Fistel Jr.
JOHNSON FISTEL, LLP
40 Powder Springs Street
Marietta, GA 30064

*Counsel for Plaintiffs Travis Dorvit and Michael Martin and Stockholder Bruce Fisher*

**PLEASE DO NOT TELEPHONE THE COURT, PSI, OR THE INDIVIDUAL
DEFENDANTS REGARDING THIS NOTICE.**