UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRAVIS DORVIT and MICHAEL MARTIN, Derivatively on Behalf of Nominal Defendant POWER SOLUTIONS INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GARY S. WINEMASTER, KENNETH WINEMASTER, DANIEL P. GOREY, JAY HANSEN, ELLEN R. HOFFING, KENNETH LANDINI, MICHAEL P. LEWIS, MARY VOGT, SHAOJUN SUN, JIANG KUI, JASON LIN, LESLIE A. COOLIDGE, and FRANK P. SIMPKINS, <br><br> Defendants, <br><br> and <br><br> POWER SOLUTIONS INTERNATIONAL, INC., <br><br> Nominal Defendant. | Case No. 1:17-cv-01097 <br><br> Honorable Thomas M. Durkin |

**ORDER DIRECTING NOTICE OF
PROPOSED SETTLEMENT TO STOCKHOLDERS**

WHEREAS, the above-captioned stockholder derivative action is pending before the Court (the "Action");

WHEREAS, plaintiffs Travis Dorvit and Michael Martin, and stockholder Bruce Fisher ("Plaintiffs") having moved, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement of the Consolidated Action in accordance with the Stipulation of Settlement, dated May 10, 2019 (the "Stipulation" or "Settlement"), which, together with the Exhibits annexed thereto, set forth the terms and

- 1 -


<mark><mark></mark></mark>

conditions for a proposed Settlement and dismissal of the Consolidated Action with prejudice; and (ii) approving the dissemination of the Notice of Pendency and Proposed Settlement of Stockholder Action (the "Notice") and Summary Notice of Pendency and Proposed Settlement of Stockholder Action (the "Summary Notice");

WHEREAS, all capitalized terms contained herein shall have the same meaning as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and the Exhibits annexed thereto and having heard the arguments of the Parties at the preliminary approval hearing;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Court hereby preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. A hearing (the "Settlement Hearing") shall be held before this Court on August 21, 2019, at 9:00 a.m., in Courtroom 1441 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, IL 60604, to determine whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to Power Solutions International, Inc. ("PSI") and its stockholders and should be approved by the Court; whether the [Proposed] Final Order and Judgment should be entered herein; and whether to award attorneys' fees and expenses to Plaintiffs' Counsel, including any Incentive Amount.

3. The Court approves, as to form and content, the Notice annexed as Exhibit B hereto and the Summary Notice annexed as Exhibit C hereto and finds that the publication of the Notice, Summary Notice, and Stipulation, substantially in the manner and form set forth in this

Order, meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Not later than ten (10) business days following entry of this Order, PSI shall publish the Summary Notice once in *Investor's Business Daily*, and shall post the Stipulation and Notice on PSI's website, such that visitors to the "Investors" section of the website will readily find a hyperlink to this Stipulation and the Notice. In addition, in all periodic filings with the SEC after issuance of this Order Directing Notice of Proposed Settlement to Stockholders ("Preliminary Approval Order"), PSI shall include a statement that the Action has settled and received preliminary approval, and shall direct stockholders to PSI's Investor Relations webpage for additional information. Within the above described period, Plaintiffs' Counsel shall further publish the Stipulation of Settlement and Notice on its website in a manner readily accessible to the public.

5. All costs incurred in the filing, publishing and posting of the Notice and Summary Notice shall be paid by PSI or its insurers and PSI shall undertake all administrative responsibility for such filing, publication and posting.

6. No later than ten (10) calendar days prior to the Settlement Hearing, Defendants and Plaintiffs shall file with the Court an appropriate affidavit or declaration with respect to filing and posting the Notice and Summary Notice.

7. The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Parties consistent with the Settlement, without further notice to PSI stockholders; and (ii) the right to continue or adjourn the Settlement

Hearing from time to time, by oral announcement at the hearing or at any adjournment thereof, without further notice to PSI stockholders.

8. Not later than twenty-one (21) calendar days prior to the Settlement Hearing, the Plaintiffs shall file papers with the Court in support of the Settlement and separately negotiated Fee and Expense Amount, including the Incentive Amount.

9. Any PSI stockholder may appear and show cause, at their own expense, individually or through counsel, if he, she, or it has any reason why the Settlement embodied in the Stipulation should or should not be entered hereon, or the Fee and Expense Amount (including any Incentive Amount) should not be awarded. However, no PSI stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that PSI stockholder has (1) filed with the Clerk of the Court or served on counsel as noted below, a written objection setting forth: (i) a written notice of objection with the person's name, address, and telephone number, along with a representation as to whether such person intends to appear at the Settlement Hearing; (ii) competent evidence that such person currently holds shares of PSI common stock; (iii) a statement of objections to any matters before the Court, the grounds therefor, or the reasons for such person desiring to appear and be heard, as well as all documents or writings such person desires the Court to consider; and (iv) the identities of any witnesses such person plans on calling at the Settlement Hearing, along with a summary description of their likely testimony; and, (2) if a PSI stockholder intends to and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court or served on counsel listed below: (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the reason(s) for such objection; (c) the

identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing.

10. At least fourteen (14) calendar days prior to the Settlement Hearing, any such person must either file the written objection(s) and corresponding materials, and a notice of intent to appear if any Current PSI Stockholder intends to appear and requests to be heard at the Settlement Hearing, with the Clerk of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, or serve such materials by that date, to Plaintiffs' counsel:

> Stephen J. Oddo
> ROBBINS ARROYO LLP
> 5040 Shoreham Place
> San Diego, CA 92122

11. Only PSI stockholders who have filed with the Court or sent to the Plaintiffs' counsel valid and timely written notices of objection will be entitled to be heard at the hearing, unless the Court orders otherwise.

12. Any PSI stockholder who does not make an objection in the manner provided herein may be deemed to have waived any such objection and may be forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement, unless otherwise ordered by the Court, but shall be otherwise bound by the Judgment to be entered and the releases to be given.

13. Plaintiffs' Counsel and Defendants' counsel are directed to promptly furnish each other with copies of any and all objections that are served upon them or otherwise come into their possession and to file them with the Court.

14. Not later than seven (7) calendar days prior to the Settlement Hearing the Parties' responses to objections, if any, shall be served and filed.

15. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

16. Pending final determination of whether the Settlement should be approved, no PSI stockholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

17. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to PSI securities holders, and retains exclusive jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to PSI securities holders.

18. Neither the Stipulation, nor the Settlement, nor the Term Sheet, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or the Term Sheet: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties or any other person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, or liability of the Parties or Released Persons, or of the validity of any Released Claims; nor (ii) shall be admissible, offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, except that the Released Persons may file the Stipulation and the Final Judgment, if any, in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit,

release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

DATED: 5/24/2019

_Thomas M Durkin_
Thomas M. Durkin, U. S. District Judge