### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TRAVIS DORVIT and MICHAEL MARTIN, Derivatively on Behalf of Nominal Defendant POWER SOLUTIONS INTERNATIONAL, INC., | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| GARY S. WINEMASTER, KENNETH WINEMASTER, DANIEL P. GOREY, JAY HANSEN, ELLEN R. HOFFING, KENNETH LANDINI, MICHAEL P. LEWIS, MARY VOGT, SHAOJUN SUN, JIANG KUI, JASON LIN, LESLIE A. COOLIDGE, and FRANK P. SIMPKINS, | ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) ) |
| and | ) ) |
| POWER SOLUTIONS INTERNATIONAL, INC., | ) ) ) |
| Nominal Defendant. | ) ) ) |

Case No. 1:17-cv-01097

Honorable Thomas M. Durkin

## FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to this Court's Order Directing Notice of Proposed Settlement to Stockholders, dated May 24, 2019 (the "Notice Order"), on the application of the Parties for final approval of the Settlement set forth in the Stipulation of Settlement dated May 10, 2019 (the "Stipulation"). Due and adequate notice having been given to Power Solutions International, Inc. ("PSI") stockholders as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and except where otherwise specified, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3. The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties, PSI, and Current PSI Stockholders, and hereby finally approves the Settlement in all respects and orders the Parties to perform its terms to the extent the Parties have not already done so.

4. This Action, all claims contained herein, and any other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice by virtue of the proceedings herein and this Judgment. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled, released, relinquished,

extinguished, discharged, and dismissed with prejudice the Released Claims (including Unknown Claims) against the Released Persons and any and all of the claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action against the Released Persons. The Releasing Parties shall also forever be barred and enjoined from instituting, commencing, or prosecuting any and all of the Released Claims against any of the Released Persons. For the avoidance of doubt, Released Persons shall not include Power Solutions International, Inc.'s former auditor, RSM US LLP ("RSM"). Nothing in this Paragraph shall affect the Released Parties' ability to enforce the releases and other terms and conditions contained in the Stipulation and/or the Judgment entered pursuant thereto.

6.      Upon the Effective Date, each of the Defendants shall be deemed to have fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

7.      Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

8.      The Court finds that the Notice of Pendency and Proposed Settlement of Stockholder Action posted on the Investor Relations portion of PSI's website, posted on Plaintiffs' Counsel's website, and the Summary Notice published in *Investor's Business Daily*, provided the best notice practicable under the circumstances to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process.

9.      The Court finds that during the course of the Action, the Parties and their counsel at all times complied with Local Rule 83.50 of the Local Rules of the United States District Court for the Northern District of Illinois.

10.     The Court finds that the Fee and Expense Amount is fair and reasonable in light of the substantial benefits conferred upon PSI by the Settlement, and finally approves the Fee and Expense Amount.

11.     The Court finds that the Incentive Amount is fair and reasonable, in accordance with the Stipulation, and finally approves the Incentive Amount, to be paid from the Fee and Expense Amount by Plaintiffs' Counsel.

12.     This Judgment, the facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, and any negotiations, discussions, actions, and proceedings in connection with the Stipulation or Settlement shall not be offered, received, or used in any way as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of: (a) the Parties with respect to the truth of any fact alleged or that could have been alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action, or the deficiency or infirmity of any defense that has been or could have been asserted in the Action, or of any fault, wrongdoing, negligence, or liability of any of the Released Parties; (b) any fault, misrepresentation, or omission with respect to any statement or written document approved, issued, or made by any Released Party, or against Plaintiffs as evidence of any infirmity in her claims; or (c) any liability, fault, negligence, omission, or wrongdoing whatsoever, or in any way referred to for any other reason as against the Released Parties, in any arbitration proceeding or

- 3 -

other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal.

13.     This Judgment, the Stipulation, the Settlement, the Term Sheet, and any act performed or document executed pursuant to or in furtherance thereof, shall not be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement.  However, the Released Parties may refer to the Settlement, and file the Stipulation and/or this Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

14.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

15.     This Judgment is a final, appealable judgment and the Court directs immediate entry of the Judgment forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing the Consolidated Action with prejudice.

IT IS SO ORDERED.

DATED:  8/23/2019

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT

-4-